532

ELMER KORHORN, Plaintiff-Appellant and Appellee, *v.* PETER SMITH, Defendant-Appellee and Appellant.—(WALTER S. JOSLYN, d/b/a, Walter S. Joslyn Construction Company, Defendant-Appellee.)

(No. 53854;

First District—December 20, 1971.

Thomas William Burke, of Chicago, for appellant.

William D. Maddux and John M. O'Connor, Jr., both of Chicago, for appellees.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

This action was brought by plaintiff, Elmer Korhorn, to recover for injuries sustained by him as a result of a blow to the head inflicted by defendant, Peter Smith (hereinafter "defendant Smith"). Also named as defendant in the complaint was the employer of Peter Smith, Walter S. Joslyn, doing business as Walter S. Joslyn Construction Company (hereinafter "defendant Joslyn"). At the close of the plaintiff's case the trial court directed a verdict in favor of defendant Joslyn and judgment was entered thereon. At the close of all the evidence the jury returned a verdict in favor of plaintiff and against defendant Smith in the amount of $10,000, and judgment was entered thereon.

Plaintiff appeals, contending that the trial court improperly directed the verdict in favor of defendant Joslyn, that the trial court erred in failing to require Joslyn to personally be present in the courtroom during the trial of the case, and that plaintiff should be granted a new trial as to damages or, in the alternative, should be granted a new trial generally. Defendant Smith has cross-appealed, contending that the trial court improperly denied him an opportunity to impeach plaintiff based upon a statement allegedly made by plaintiff to an insurance carrier prior to trial, that the trial court committed error in the giving and refusing of certain instructions, and that the verdict was against the manifest weight of the evidence and was the result of passion and prejudice. Plaintiff has filed no answer to the contentions raised on defendant Smith's cross-appeal.

Plaintiff was employed as a plasterer by the James Carty Plastering Company which was engaged to perform plastering services at an elementary school under construction in Chicago. On July 12, 1963 plaintiff and another plasterer, John Sears, were assigned by the Carty Company to plaster the ceiling of the second floor corridor of the building. In order to reach the ceiling, plaintiff and Sears erected a scaffold two feet above the floor, consisting of wooden planks and horses and measuring some eight feet in width and some twenty-five feet in length. It appears from the record that the scaffold occupied a position blocking an entrance to a washroom which was then in the process of being

"bricked" by the defendant Joslyn. It further appears that there was just enough room between the scaffold and the corridor wall for a man to walk sideways.

Defendant Smith was employed by defendant Joslyn as a laborer assisting in the bricking of the washrooms at the school. Smith's foreman, Russell Rabjohns, noticed the plasterers working on the scaffold set up outside the second floor washroom about 9:00 A.M. on the day in question and spoke to Carty's foreman concerning the necessity of moving the scaffold so that the materials needed in bricking the washroom could be moved into position for the bricking work. Carty's foreman allegedly told Rabjohns that Carty's men were through working in the area of the washroom doorway and that if his men did not move the scaffold, then Joslyn's men should move it. Rabjohns thereupon ordered Smith to move the scaffold away from the washroom doorway and to start moving the bricking materials into the washroom.

It appears that plaintiff and Sears left the scaffold for a coffee break sometime between 9:30 A.M. and 10:00 A.M. that morning, and that when Smith arrived at the job site, no plasterers were on the scaffold and he proceeded to move the structure away from the washroom doorway. (There is a conflict in the evidence as to whether the scaffold had been partially or totally knocked to the floor as a result of having been moved by defendant Smith.) When plaintiff and Sears returned to the job site after the scaffold had been moved, the second floor corridor was occupied solely by plaintiff, Smith and Sears.

Plaintiff testified that when he saw that the scaffold had been moved, he did not become angry, but that he did state aloud to Sears, "Who knocked down our m...f... scaffold?" Plaintiff testified that defendant Smith then stated to plaintiff that he moved the scaffold and said "don't call me no so-an-so names." Plaintiff testified that he walked over to Smith who was standing a few feet away and stated to Smith, "I never called you no so-an-so, I was referring to my scaffold." Smith replied that he did not like being called names and plaintiff stated that he did not call Smith a name. Plaintiff testified that he walked away from Smith, walked around a while, and then bent over to upright one of the horses. He testified that he was then struck from the rear on the left side of the face while in the bending position, that he remembers seeing "snow-flakes" and falling over a horse, and that he rose to his feet and pinned Smith against a wall when he heard Sears state that Smith was "going to his pocket." Plaintiff testified that Sears thereafter positioned himself between plaintiff and defendant Smith and told them to stop fighting. Smith left the job site and reported the incident to the foreman of the general contractor.

Sears testified that when he and plaintiff arrived at the job site after their coffee break and saw the condition of the scaffold, plaintiff walked over to Smith and said to him, "You don't have to knock it down," and using curse words referring to the scaffold. Sears testified that Smith stated, "You don't call me that, you don't call me that," to which plaintiff replied, "I didn't call you anything" and "Let's forget about it." Sears testified that plaintiff then attempted to set the scaffold back in place when Smith hit him in the side of the jaw with his fist which was covered with a heavy, leather-strapped glove.

Defendant Smith testified that when plaintiff and Sears arrived at the job site after he had moved the scaffold, plaintiff directed a vile name toward Smith. Smith testified that he said to plaintiff, "Mister, don't call me those words, because I don't like it," to which plaintiff replied, "Who is you to call a so-and-so." Smith further testified that after the exchange of words plaintiff and Sears approached him, plaintiff having an angry look on his face and his fist clinched. Smith stated that he backed up against a wall, and as plaintiff approached, Smith jabbed at him with his fist and ducked aside. Smith testified that he then hit plaintiff and that plaintiff fell to the floor. Smith thereupon turned his attention to Sears who had been standing behind plaintiff and failed to see plaintiff rise to his feet. He testified that plaintiff then struck him in the face with his fist and that Sears took hold of the witness and held him while plaintiff struck Smith again. Smith testified that plaintiff placed his hands around Smith's neck, but that Smith broke the hold and fled. Defendant Smith testified that he did not place his hands in his pocket during the altercation and further denied that his foreman threatened to have him fired from his employment if Smith failed to move the bricking materials into the second floor washroom on the day in question. Smith further testified that his face was bruised and his eyes swollen because of the altercation.

Plaintiff offered further evidence as to the extent of his injuries and the expenses he incurred as a result of the altercation. Such evidence consisted of hospital, doctor and pharmaceutical bills, lost wages, and the like, all totaling $9,997.83, as well as a period of hospitalization, facial and dental operations, and continuing pain, dizziness and impaired functioning of the mouth.

Plaintiff initially contends that the trial court improperly directed a verdict in favor of defendant Joslyn at the close of the plaintiff's case. We disagree.

■■ Whether the altercation which resulted in plaintiff's injuries be viewed from plaintiff's own evidence, or from the evidence in the record as a whole, it is clear that the actions of both the plaintiff and

defendant Smith were the result of personal animosity toward each other stemming from the name calling. Smith had theretofore completed the task assigned to him by his foreman and was not about his employer's business in redressing the name calling. The evidence adduced did not show the requisite master-servant relationship to exist between defendants with regard to the altercation from which liability could attach upon defendant Joslyn under the theory of *respondeat superior*. (*Shannessy v. Walgreen Co.*, 324 Ill.App.590; *I.C.R.R. Co. v. Ross*, 31 Ill.App. 170.) The trial court properly directed a verdict for defendant Joslyn. See *Shannessy v. Walgreen Co.*, 324 Ill.App. 590, 597.

The factual situations in the cases cited by plaintiff either do not support his position or are inapposite from that in the case at bar. *Bonnem v. Harrison*, 17 Ill.App.2d 292 involved a factual situation which the court properly held could lead reasonable men to differ as to whether the employee was in fact acting within the scope of his employment at the time of injury to plaintiff; the question there presented was for the jury's determination. No such situation exists in the case at bar. In *Metzler v. Layton*, 373 Ill. 88 the employee was clearly acting to protect his employer's interest after a robbery when the plaintiff was injured. Finally, in *Awe v. Striker*, 129 Ill.App.2d 478 and *Bremen State Bank v. Hartford Accident & Indemnity Co.*, 427 F.2d 425 the employees, as here, were clearly not acting within the scope of their employment at the time the plaintiffs received their respective injuries.

Our determination that the trial court properly directed a verdict in favor of defendant Joslyn obviates plaintiff's contention that the trial court committed error in failing to require the presence of Walter S. Joslyn in the courtroom during the trial. As to plaintiff's contention that the court should have deliberated on the merits of his motion for expenses and attorney fees filed pursuant to Section 41 of the Civil Practice Act, with regard to certain allegedly untrue statements contained in defendant Joslyn's answer, the complaint alleged that defendant Smith was acting as an employee of defendant Joslyn at the time of the altercation, which defendant Joslyn's answer denied. The evidence adduced at trial proved defendant Joslyn's position to be true.

In view of our determination with regard to the judgment entered as between plaintiff and defendant Smith, it is unnecessary to respond to plaintiff's contention relating to the alleged improper assessment of damages by the jury.

■■ On defendant Smith's cross-appeal, it is initially contended that the trial court committed reversible error in denying him the right to interrogate plaintiff as to a statement which plaintiff allegedly gave to plaintiff's employer's workmen's compensation carrier, relating to the

reason behind the remark he made when he observed that the scaffold had been moved. The trial court sustained plaintiff's objection to defendant Smith's use of the statement under the authority of *People v. Ryan*, 30 Ill.2d 456.

In the *Ryan* case an insured gave a statement to the insurance carrier's investigator concerning an automobile accident in which the insured had been involved. The court there held that the statement was a privileged communication because the statement was given with a view toward possible future litigation over the matter and because the insurer would be required to defend that action and in so doing, would turn the statement over to an attorney selected to handle the litigation.

No such circumstances exist in the instant case. Here, plaintiff made his alleged statement to his employer's workmen's compensation carrier, and the statement was therefore not made in contemplation of litigation. Plaintiff's statement to the carrier was not privileged and it was therefore reversible error to have denied defendant Smith the use of the statement for impeachment purposes. (See *Kandel v. Tocher*, 256 N.Y.S.2d 898, 902.)

■■ It was also reversible error for the trial court to have submitted to the jury instructions covering both negligence and wilful and wanton misconduct. The instant action sounds in tort for assault and battery, and as such, proof of mere negligence will not support that charge. Giving the negligence instruction could have permitted the jury to find for the plaintiff if negligence were proven and even though defendant Smith was not proven guilty of wilful and wanton misconduct. See *Stevens v. Gallagher*, 224 Ill.App. 195, 197.

■■ Defendant Smith's contention that the trial court erred in refusing to give Defendant's Instruction Number 7 is without merit. Defendant's Instruction Number 7 would have instructed the jury that if the jury found that plaintiff's injuries were occasioned by some act of provocation by plaintiff of defendant Smith, then the jury should find for defendant Smith. Defendant's Instruction Number 6, which was given to the jury, deals with this subject matter, in that it instructs the jury on provocation and also of defendant Smith's right to use reasonable force to defend himself. It was not error to refuse Defendant's Instruction Number 7.

■■ Defendant Smith's final contention that the verdict was against the manifest weight of the evidence and was the result of passion and prejudice of the jury engendered by the conduct of counsel is likewise without merit. The evidence shows that the determination of the issues was for the trier of fact. Should there be a re-trial, it is presumed that the trial will be conducted in a manner not to wrongfully prejudice or empassion the jury.

For these reasons the judgment in favor of Walter S. Joslyn, doing business as Walter S. Joslyn Construction Company and against plaintiff Elmer Korhorn is affirmed and the judgment in favor of plaintiff Elmer Korhorn and against defendant Peter Smith is reversed and the cause as to these parties is remanded for a new trial.

Judgment for Walter S. Joslyn, affirmed.

Judgment for Elmer Korhorn reversed and cause remanded.

LYONS and GOLDBERG, JJ., concur.