MARY ELIZABETH FISHER, Admr. with Will Annexed of the Estate of Charles Fisher, Deceased, *et al.*, Plaintiffs-Appellants, *v.* ROBERT BOGDANOVIC, Defendants-Appellees.

(No. 71-157;

Third District—February 23, 1973.

312

Knuppel, Grosboll, Becker & Tice, of Petersburg, (Eldon H. Becker, of counsel,) for appellants.

Herbolsheimer & Lannon, of La Salle, and Giffin, Winning, Lindner, Newkirk & Cohen, of Springfield, (James Lannon, of counsel,) for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a La Salle County judgment entered on a jury verdict in favor of defendants, Robert Bogdanovic and Wisconsin Wood Products, Inc., and against all plaintiffs, in an action for wrongful death of Charles Fisher and for personal injuries resulting to other plaintiffs from a car-truck collision.

The car-truck collision occurred shortly after 4:30 A.M. on July 11, 1966, on U.S. Route 51 at its intersection with Dimmick Road in La Salle County, Illinois. Defendant Robert Bogdanovic was the driver of a truck owned by co-defendant Wisconsin Wood Products, Inc. While the truck was being driven in a southerly direction upon Route 51, an electrical problem apparently occurred which caused failure of the truck's headlights. The truck subsequently lost all power and became entirely inoperative. Bogdanovic and Jim Peterson (who rode in the truck with Bogdanovic and shared the driving duties), testified at the trial that as soon as the truck lights went out, they began looking for a place to pull off the road. When all power failed, the search for a safe place to pull off the road continued, but they stated they could not find a safe place to pull off the road and ultimately the truck coasted to a stop on the highway.

There was evidence from Bogdanovic and Peterson that after the truck was brought to a stop on the highway, reflectors and lighted flares were put out to warn oncoming traffic of the presence of the disabled vehicle on the highway. There is some conflict in the testimony regarding the flares, since investigating officer Yerly of the Illinois State Police testified that he did not see them when he arrived to aid the disabled vehicle. The officer said, however, that, after his arrival, flares were positioned on the highway. The officer's car was parked near the disabled vehicle with his headlights on dim and his automatic flashers turned on with a rotating red light. The officer directed traffic with his flashlight. He noticed the automobile in which plaintiffs rode when it was approximately one-half mile from the disabled truck. Although he signaled the

automobile, it did not decrease its speed and ultimately it collided with the rear of the truck.

The plaintiffs charged that the defendant Bogdanovic could have pulled the truck off the road but failed to do so. Plaintiffs, however, did not direct us to anything in the record which established the existence of a safe area on to which the truck could have been driven. Plaintiffs likewise argue in their brief that no flares had been placed at the scene of the accident. It is also contended that defendant Bogdanovic could have had the truck pulled off the road by farm machinery at a nearby farm. There is nothing in the record, however, to establish that this was possible. Plaintiffs also charged without any specific support in the record that the battery terminals on the truck were not properly maintained. Defendants, on the contrary, directed the court to testimony regarding a maintenance schedule to which the truck was subjected and which would tend to establish that all equipment on the truck was tested on a regular basis.

■■ Plaintiffs first contend that a verdict should have been directed for the non-driving plaintiffs who were injured in the accident. This is based upon the principles set forth in *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494. In that case the Supreme Court established the rule in Illinois that verdicts should be directed "only in those cases in which all the evidence when viewed in its aspects most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." On the basis of the evidence in the record, it is apparent that no verdict could be directed in favor of plaintiffs since the record clearly shows that there was a conflict of evidence as to whether defendants were negligent and the issue was clearly one for determination by the jury. As a consequence, we believe that the trial court correctly denied the motion for directed verdict.

■■ Plaintiffs next assert that the jury was improperly instructed when it was told that defendants were sued as principal and agent and that if the jury found in favor of the agent it would be required to do the same for the principal. It is argued that independent negligence was shown on part of the principal. Independent negligence on the part of the principal was not, however, shown in the record. Instructions should conform to the theory of the case as shown by the pleadings. In the pleadings, negligence was charged as to Bogdanovic in each instance. We, therefore, find no reversible error in the giving of the instruction in view of the pleadings and the record in this cause.

■■ In a related contention, plaintiffs assert that the trial court was in error when it refused to allow plaintiffs to amend their complaint at the close of defendants' case. Whether a pleading may be amended after

commencement of a trial is within the sound discretion of the trial court and a reviewing court may not reverse the trial court's decision "unless there has been a manifest abuse of discretion." (*Winnebago v. Cannell,* 376 Ill. 277.) The case of *Sidwell v. Sidwell,* 75 Ill.App.2d 133, 220 N.E.2d 479, illustrates what may constitute an abuse of such discretion. In that case, plaintiff unsuccessfully sought to amend her complaint after the commencement of the trial. On appeal, the Appellate Court observed that the trial court, as a matter of discretion, may or may not permit amendment, and in the absence of a showing of abuse of discretion, the lower court's ruling must not be disturbed. The reviewing court found in that case that the lower court had denied plaintiff's motion on the ground that a separate maintenance and divorce could not be joined in the same lawsuit. That was clearly a misapprehension of law on the part of the trial court, and the Appellate Court consequently held that the trial court had abused its discretion in denying plaintiff's motion to amend her complaint. There was no such misapprehension of law or abuse of discretion in the case at bar. The record shows no evidence of independent negligence on the part of the defendant-employer. The proposed amendment actually may have been considered repetitious by the trial court in view of other allegations in the complaint. Under the circumstances, we do not believe we would be justified in concluding that the trial court abused its discretion in denying plaintiffs' request to amend at the close of the evidence. We find no reversible error in such procedure.

■■ It is also contended that in the course of the trial, defendants' attorney employed tactics which plaintiffs contend were so prejudicial that a reversal is required. In one instance during the opening statement by counsel, defendants' counsel commented to the jury that Trooper Yerly had been dismissed out of the suit as a party defendant by the plaintiffs. Plaintiffs suggest that counsel thereby implied that the dismissal of the suit against Trooper Yerly was in return for favorable testimony. The statement may have been unnecessarily repetitious since plaintiffs' counsel had previously told the jury that Trooper Yerly had been dismissed from the case. It can hardly be contended, however, that defendants' counsel implied some sort of collusion between plaintiffs and the officer in question. There is nothing in the record which justifies such conclusion. Consequently, we find no reversible error in such comment.

■■ Plaintiffs also contend that they were prejudiced when defendants' counsel attempted to impeach Mr. Babington, one of the passengers in plaintiffs' automobile, by referring to his pleading in a lawsuit arising out of the same facts as the instant case against the estate of Charles Fisher, the driver of the automobile. Mr. Babington alleged in that case

that Mr. Fisher had driven in a willful and wanton manner. In the instant case he did not testify to any willful and wanton conduct but rather stated that he could remember nothing. The trial court sustained plaintiffs' objection to the cross-examination regarding the pleadings in the other lawsuit and instructed the jury to disregard it. Since the objection of plaintiffs was sustained and the jury was instructed to disregard the defense efforts at impeachment, it is obvious that plaintiffs were not in any manner prejudiced but in fact may have been aided by the exclusion of that which may have been admissible for impeachment purposes.

■■ The final contention is made by plaintiffs to the effect that defendants' counsel improperly conducted himself when in his closing argument he mentioned to the jury that an apparently available witness had not been called by plaintiffs. It does not appear that either party tendered the pattern jury instruction advising the jurors of the circumstances under which they may infer that the testimony of an uncalled witness would be adverse to the party charged with failing to call such witness (I.P.I.2d Instructions 5.01). Plaintiffs' counsel could easily have brought out, during his argument to the jury, that the witness was equally available to his adversary, and, he could have required that the jury be specifically instructed on that point. Under the circumstances, therefore, we find no error which would justify reversal based on such contention relating to the reference to the uncalled witness.

Since we find no reversible error in the record, the judgment of the circuit court of La Salle County is affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.