DELLA M. ALLEN *et al.*, Plaintiffs and Cross-Defendants-Appellees, *v.* CARL E. THORNBLAD, Defendant and Cross-Plaintiff-Appellant.

Fourth District   No. 13115

Opinion filed October 14, 1976.

Robert Weiner, of Springfield, for appellant.

Richard R. Grummon and Gillespie, Burke & Gillespie, P. C., both of Springfield, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is a declaratory judgment action which the members of the Board of Education of School District 186 of Springfield brought seeking a finding that defendant Thornblad was not a tenured teacher with the district. Defendant filed an answer and a counterpetition for declaratory judgment that he did have tenure. The trial court thoroughly and articulately set forth in opinion form the facts of the case and the law it

applied, and it found for the Board. We will first summarize the facts and then identify and discuss the issues defendant now raises on appeal.

The Board employed Dr. Thornblad for the school year of 1971-72. It then contracted to employ him from July 1, 1972, until June 30, 1973. Defendant was a certificated employee with the title of "Assistant Superintendent, Business and Administrative Services." At a meeting on March 5, 1973, which defendant attended, the Board passed the following resolution:

> "Be it resolved that the position of Assistant Superintendent for Business Services be discontinued July 1, 1973, and that such position be removed from the Administration Table of Organization for the Springfield Public Schools."

The resolution did not contain the word "Administrative" in the job title when it was recorded in the minutes. The resolution had not been on the agenda.

At a meeting on March 19, 1973, the administrative staff presented this recommendation:

> "Recommend the notification of termination of employment as the result of abolishment of position as required under School Code of Illinois, be provided the following certificated personnel: A. Thornblad, Dr. Carl E., Assistant Superintendent for Administrative and Business Services, effective June 30, 1973."

The parties disagree as to whether the Board formally adopted the March 19 resolution, but on March 20, 1973, the Board Secretary sent a registered letter to defendant's home to notify him of the job termination. She also sent letters to other offices within the school system. Defendant, however, was out of town and had notified his secretary not to receipt for any registered mail.

Throughout the period of time material to this cause, the school district was without a superintendent. One had recently left the services of the Board, and they had not yet appointed another. The evidence shows, however, that a Dr. Matthews had assumed the responsibilities of that position although he had not been officially designated as the superintendent.

Defendant's first argument on appeal is that the action by the Board purporting to terminate his employment was a nullity because the district did not have a chief administrative officer at the time. In support of his contention, defendant cites the following section of the "Regulations and Agreements 1972-73, Springfield School District Number 186, Springfield Education Association":

> "The Board of Education will select a Chief Administrator who shall be the head of the school system * * *." Art. I, §1—1B.
> "The Board of Education will employ, promote, transfer,

suspend, or dismiss personnel *after consultation with and upon recommendation of the Chief Administrator,* 1—1G." Art. I, §1—1G. (Emphasis added.)

*"After consultation with and considering the recommendations of the Superintendent of Schools,* [it shall be the duty of the Board] to pass upon:

(1) The employment or discussal [*sic*] of individual teachers * * * and other personnel whose compensation is paid from school funds." Art. I, §1—2G. (Emphasis added.)

"The Superintendent of Schools shall be the chief executive and administrative officer of the Board of Education * * *." Art. II, §2—1.

The Board, argues defendant, filed to observe these rules because it had no chief administrator with whom to consult concerning his employment. Moreover, he says, the rules are to be given the effect of law; and, because they were not followed, the Board's action in attempting to terminate his employment was a nullity. He cites no case law in his support.

■■ The school district rules are not to be given the effect of law. Section 34—19 of the School Code (Ill. Rev. Stat. 1973, ch. 122, par. 34—19) states that a board's rules have the force of ordinances, but this section is applicable only to cities of over 500,000 inhabitants. If the legislature had wanted school board rules to have the same binding effect in other areas within the State, it would have said so. Moreover the Board followed its own rules. First, the evidence here clearly indicates that Dr. Matthews was the de facto superintendent because he performed substantially all the duties of that office, even though he testified that the title was not his. Hence the Board had a chief administrative officer, and the evidence shows he did consult with the Board. Secondly, even if the district had had no chief administrator, the Board acted properly within its own rules because they had the right to reject any and all recommendations and therefore did not have to receive any (art. I, §1—1K) and because:

"Under the laws of the State of Illinois, the Board of Education is the first authority on any controversial issue which cannot be resolved through the regularly constituted administrative channels." (Art. I, §1—1L.)

Hence, the absence of a formally appointed chief administrator did not render the Board's action in terminating defendant's employment a nullity.

■■ Defendant phrases his next issue as follows: "The Board of Education * * * did not take affirmative action to terminate the employment of Dr. Carl E. Thornblad." He then raises a smattering of complaints, none of which has any merit. He relies entirely upon section

24—11 of the School Code (Ill. Rev. Stat. 1973, ch. 122, sec. 24—11) which states:

> "Any teacher who has been employed in any district as a full-time teacher for a probationary period of 2 consecutive school terms shall enter upon contractual continued service unless given written notice of dismissal stating the specific reason therefore, by registered mail by the employing board at least 60 days before the end of such period."

Rather than address ourselves specifically to each of the individual grievances listed in this section of the brief, we simply note that the statute was complied with. Defendant actually received written notice in early April and that notice specified that his employment was being terminated because his job had been abolished. His contention that the omission of the word "Administrative" in the March 5 resolution and the failure to put the resolution on the agenda have legal consequence is groundless. In addition, the evidence shows that the board did, in fact, formally adopt the March 19 resolution on that day.

■■ Defendant contends that the notice was ineffective because it was signed and sent by a secretary of the Board and not by the Board itself. He argues the Board unlawfully delegated authority, and thus the effect of the notice was nil. In *Bessler v. Board of Education* (1973), 11 Ill. App.3d 210, 296 N.E.2d 89, a personnel director notified a teacher that she would not be reemployed. Subsequent to that action and less than 60 days before the end of the term, the Board affirmed the action. The court held the delegation was unlawful and refused to apply the doctrine of ratification. The case is inapposite. Here, the evidence shows that the Board passed the resolution to terminate employment on March 19. They gave the secretary no discretion, nor did they abdicate their authority in any other way. They simply gave her the ministerial task of sending the notice. The Board may delegate ministerial duties, and the notice comported with the statute.

■■ Defendant next argues that the Board terminated his employment for reasons other than those provided in the notice he received and that, in so doing, they violated his constitutional rights. However, the alleged constitutional issue was not raised, passed upon, and preserved for review in the trial court. It is, therefore, waived. *City of Chicago v. Shell Oil Co.* (1963), 29 Ill. 2d 136, 193 N.E.2d 759.

Defendant's final argument is that the trial court abused its discretion by denying his motion to amend his amended cross-petition for declaratory judgment. He first sought leave for the amendment on August 21, 1974, after the trial court had filed its opinion in the case. His first amendment, filed October 1, 1973, alleged a conspiracy on the part of some Board members to prevent him from obtaining tenure while

retaining him long enough to take advantage of his expertise on a computer project. The later amendment, which the court denied, alleged a conspiracy by those Board members to defraud the taxpayers by continuing insurance with the employer of one of the members despite defendant's recommendation that the contracts be put up for bid. He felt the Board was conspiring against him to prevent his exposing the alleged conflict of interest. The court granted a hearing on the amendment at the conclusion of which it denied leave to amend with the allegations of a second conspiracy.

■■ Defendant argues that denial of his motion was an abuse of discretion by the court. Section 46 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46) provides amendments may be allowed on just and reasonable terms. The cases clearly hold that granting or denying leave to amend is a matter within the discretion of the court, and we may not reverse except for a manifest abuse of discretion. (*County of Winnebago v. Cannell* (1941), 376 Ill. 277, 33 N.E.2d 478.) We find no abuse of discretion here. Defendant's motion was clearly untimely and the court could have considered it repetitious as well. See *Fisher v. Bogdanovic* (1973), 10 Ill. App. 3d 311, 293 N.E.2d 176.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.