PRESIDING JUSTICE STOUDER
 

 delivered the opinion of the court:
 

 In an action to recover damages for personal injury which the plaintiff, Dennis Winn, alleged was the result of a battery by defendant, George Inman, d/b/a George’s Village Tap, the jury returned a verdict in favor of the defendant. The circuit court of Marshall County entered judgment on the verdict and denied plaintiff’s post-trial motions.
 

 The testimony at trial discloses this controversy arose out of a fight in a tavern owned and operated by the defendant in which the plaintiff was a patron on March 1, 1980. The details of the fight are not vital to our decision. The plaintiff and his brother-in-law were the occurrence witnesses for the plaintiff, and they testified to an unprovoked assault and battery by the defendant in the latter’s tavern. The defendant and his bartender-employee contradicted the version of the incident testified to by the plaintiff in many of its essential elements. There was also testimony of serious personal injury to the plaintiff and in particular an injury to the plaintiff’s eye caused by a blow from a pool cue or a fist. On this appeal the plaintiff makes several assignments of error. First, the plaintiff argues the trial court erred in giving instructions and a special interrogatory as well as refusing other instructions; second, plaintiff argues the trial court erred in refusing to permit impeachment of the defendant’s testimony by allegations in his answer and third, the plaintiff argues the trial court erred in excluding evidence tending to show the bias of the bartender where it appeared the bartender was paid in cash without taxes being withheld.
 

 We first consider defendant’s instructions Nos. 2 and 3 and the special interrogatory which he submitted. Each was objected to by plaintiff but the objections were overruled and the instructions and special interrogatory were given.
 

 Instruction No. 2 provided:
 

 “The plaintiff claims he was injured and sustained damage when defendant, without any provocation or cause, intentionally struck him about the head and face with a pool cue. The plaintiff further claims that the foregoing was a proximate cause of the claimed injuries. The defendant denies that he, without any provocation or cause, intentionally struck the plaintiff about the head and face with a pool cue and denies that the claimed act was a proximate cause of the claimed injuries. Defendant further denies that Plaintiff was injured or sustained damages to the extent claimed.
 

 The defendant also sets up the affirmative defense that in reasonable apprehension for his own well-being, he struck the plaintiff in defense of his own person.”
 

 Instruction No. 3 provided:
 

 “The plaintiff has the burden of proving each of the following propositions:
 

 First, that the defendant, without provocation or cause, intentionally struck him about the head and face with a pool cue.
 

 Second, that the plaintiff was injured.
 

 Third, that the claimed act of the defendant was a proximate cause of the injury to the plaintiff.
 

 In this case, the defendant has asserted the affirmative defense that he struck the plaintiff in defense of his own person. The defendant has the burden of proving that in striking the plaintiff, he reasonably believed that there was immediate danger of his being injured and that he used reasonable force to defend himself as appeared to him to be necessary under the circumstances.
 

 If you find from your consideration of all of the evidence that each of the propositions required of the plaintiff has been proved and that defendant’s affirmative defense has not been proved, then your verdict should be for the plaintiff. If, on the other hand, you find from your consideration of all the evidence, that any of the propositions the plaintiff is required to prove has not been proved, or that the defendant’s affirmative defense has been proved, then your verdict should be for the defendant.”
 

 The special interrogatory provided:
 

 “Did the defendant, in striking the plaintiff, use reasonable force to defend himself as appeared to him to be necessary and reasonable under the circumstances?”
 

 According to the plaintiff, defendant’s instructions Nos. 2 and 3 quoted above are erroneous statements of the law in two respects. First, they require the plaintiff to prove that his injury was caused by the defendant without any provocation or cause which requires that he prove defendant was not acting in self-defense. Second, instructions Nos. 2 and 3 erroneously describe the circumstances under which force may be employed in self-defense by omitting the reasonable-man standard and substituting therefore the belief of the defendant. The special interrogatory, according to plaintiff, not only fails to employ the reasonable-man standard but also fails to deal with an ultimate issue in the case.
 

 We believe the instructions and the special interrogatory were erroneously given, and since the evidence was substantially conflicting concerning the very issues covered by the instructions and the special interrogatory, we believe the errors were prejudicial and reversible.
 

 Although it well may be that the defendant’s issues instruction No. 3 refers to the burden of proof so far as self-defense is concerned, requiring the plaintiff to prove defendant acted without provocation or cause does require the plaintiff to prove an element unnecessary to his case. Provocation and self-defense are certainly related terms since of course the right to employ self-defense depends on the provocation of opposing force. See Walker v. Dominick’s Finer Foods, Inc. (1980), 92 Ill. App. 3d 645, 415 N.E.2d 1213.
 

 According to Illinois Law and Practice:
 

 “Unless it is admitted by defendant, plaintiff has the burden of proving the assault and battery. On the other hand, defendant pleading self-defense or defense of another has the burden of proving that plaintiff made the first assault, that his own acts were made in self-defense or in defense of such other, and that no more force was used than was necessary for the purpose.” 3 Ill. L. & Prac. Assault & Battery sec. 22. (1953).
 

 Instructions which suggest in part that each party has a burden of proof with respect to the same issue, although phrased in different language, are at best confusing and should not be given.
 

 We also believe the failure of the instructions to incorporate the reasonable-man standard to justify the use of force is also erroneous. It is a long settled rule as asserted in Doyle v. Cavanaugh (1908), 139 Ill. App. 359, 362-63, that “[t]he instructions should have told the jury that his belief must have been such as a reasonable person would have entertained under the circumstances. Hulse v. Tollman, 49 Ill. App. 490. In Ogden v. Claycomb, 52 Ill. 365, a suit arising out of an assault and battery, the rule is stated in the following language: ‘No more violence can be used than a reasonable man would under the circumstances regard necessary to his defense.’ ” (See also Ewurs v. Pakenham (1972), 8 Ill. App. 3d 733, 290 N.E.2d 319.) Defendant has directed our attention to any contrary authority or offered any support for the instruction and special interrogatory as given merely suggesting that the language was not ideal. We conclude however that the instruction did not properly advise the jury of the standard to be employed in determined whether the defendant had properly used force of self-defense.
 

 Plaintiff’s instruction No. 21 which was refused and, we believe, erroneously, provided:.
 

 “A person is justified in defending himself if he reasonably believes that he is being threatened with immediate bodily harm.
 

 In deciding whether a person is reasonable in his belief that he is being threatened with immediate bodily harm, you must determine whether a reasonable man who found himself in that person’s situation would have believed that he was threatened with immediate bodily harm.
 

 A person, while defending himself, may only use such force as is reasonably necessary under the circumstances.”
 

 Although the objection to the giving of this instruction was sustained on the ground that other instructions had been given on the same subject, the fact is the other instructions on the subject were erroneous and consequently this instruction should have been given.
 

 What we have already said also applies to the special interrogatory which as the defendant asserts requires only that he act reasonably. Such a standard of conduct is not an ultimate issue where the defense of self-defense is raised.
 

 Plaintiff’s instruction No. 22 was also refused by the trial court primarily for the reason that it was not an Illinois Pattern Jury Instruction. It provided:
 

 “If you determine that the defendant was acting in self defense, you must then determine whether or not the defendant exceeded the limits of self defense in striking the plaintiff.
 

 The defendant may not strike the plaintiff in self defense after all danger has passed.
 

 The defendant may not strike the plaintiff in self defense for purposes of revenge or retaliation.
 

 The defendant may not use more force than is reasonably necessary for his defense.”
 

 Under Supreme Court Rule 239(A) nonpattern jury instructions may be given where the issue is not covered by an Illinois Pattern Jury Instruction. Even though plaintiff’s instruction No. 22 might have been appropriate prior to the adoption of the Illinois Pattern Jury Instructions, we believe it lacks the neutrality and generality required by our present instruction practice and tends to be argumentative regarding factual issues not now appropriately included in instructions. This instruction was neither necessary nor desirable to present the plaintiff’s theory of excessive force, and its contents are matters primarily of argument, persuasion and exposition.
 

 Plaintiff also argues that the court erred in refusing to give three other instructions which he tendered. We find it necessary to discuss the rulings on these instructions since they are dependent on the facts in the case, and since we have already determined a new trial is required, the propriety of the instructions will depend on the posture of the case as retried.
 

 The next issue which we will discuss is the plaintiff’s claim the trial court erred in refusing to permit him to use defendant’s unverified answer as impeachment of the defendant’s testimony.
 

 Prior to the commencement of trial, plaintiff’s motion in limine sought to exclude any evidence by defendant relating to an affirmative defense because until that time the defendant had not pleaded any affirmative defenses. This motion was taken under advisement. On the last day of trial the defendant moved for leave to plead the affirmative defense of self-defense which motion was allowed. However, prior to the amendment, the defendant’s answer was generally a paragraph by paragraph denial of the allegations of the complaint.
 

 Since the defendant in his testimony did admit striking the plaintiff, the plaintiff proposed to impeach this testimony by claiming the defendant in his answer pleading had denied striking the defendant. Pursuant to the defendant’s objection the trial court declined to permit the use of the answer for impeachment purposes.
 

 We believe the trial court’s decision was correct. Plaintiff has cited and referred to numerous Illinois precedents authorizing the use of pleadings either as admissions or as impeachment of testimony. See Winston v. Sears, Roebuck & Co. (1967), 88 Ill. App. 2d 358, 233 N.E.2d 95, and Precision Extrusions, Inc. v. Stewart (1962), 36 Ill. App. 2d 30, 183 N.E.2d 547.
 

 We agree with the general proposition that pleadings may be utilized for impeachment purposes if contrary to testimony presented at trial and this is true whether the pleading be withdrawn or superseded. However, the flaw in plaintiff’s argument in this case is that the answer is not contrary to the defendant’s testimony because the allegation of the complaint which was denied by the defendant did not allege that it was the defendant who struck the plaintiff. On the contrary the complaint alleges in each count that a “servant” of the defendant was the culprit, and nowhere in the complaint does it allege liability or misconduct on the part of the defendant other than the doctrine of respondeat superior. The answer denies the plaintiff was struck by the defendant’s servant, which of course is consistent with his testimony.
 

 The plaintiff also argues the trial court erred in unduly limiting his cross-examination of one of the defendant’s witnesses, namely, the bartender.
 

 During the cross-examination of Brown, the bartender, plaintiff’s counsel sought to illustrate the close relationship of Brown to the defendant. After denying cross-examination of Brown on the subjects, plaintiff’s counsel by way of an offer of proof proposed to show no withholding was deducted from the wages which defendant paid Brown, that defendant paid him in cash, that he knowingly failed to report the wages which defendant paid to him as income on his tax return and that defendant did not prepare a form W-2 for Brown.
 

 On cross-examination, questions which tend to impeach the impartiality of the witness, while not directly relevant to the issue on trial, are relevant in the sense that the persuasive quality of the proof is affected by the discrediting testimony. (Phenix v. Castner (1883), 108 Ill. 207.) Because the evidence already introduced showed Brown was the defendant’s employee and that Brown and the defendant were friendly, the defendant argues that such additional cross-examination was properly limited because redundant and prejudicial to the defendant. The fact that there may be some evidence of the bias or lack of impartiality of the witness Brown should not preclude further inquiry into the qualify and intensity of the relationship. The nature and extent of the relationship could affect the degree of credibility of the witness’ testimony. The information disclosed in the offer of proof might well give rise to an inference by the jury of the relationship between Brown and the defendant far closer and more mutually dependent than the usual employment relationship. Although the defendant suggests the facts proposed to be elicited would be prejudicial to the defendant, the effect on the credibility of the witness may be substantial outweighing any other indirect effects. We believe the proposed cross-examination should have been permitted.
 

 The final issue which we will consider is the plaintiff’s assertion that the trial court erred in directing a verdict in the defendant’s favor at the close of the plaintiff’s case on the negligence count. At the time defendant moved for the directed verdict he claimed that such result was authorized and required by Korhorn v. Smith (1971), 3 Ill. App. 3d 532, 278 N.E.2d 864. The trial court in granting the motion for directed verdict in favor of the defendant in his comments indicated that he was considering the Korhorn case a controlling precedent and indicated that the decision was the basis of his judgment. The Korhorn case is not applicable to the facts of this case since it dealt with the propriety of instructing both on negligence and intentional misconduct when only intentional misconduct had been pled. Defendant concedes that Korhorn is not authority for the action taken by the trial court but argues that in any event the judgment of the trial court was correct because only intentional misconduct was shown by the evidence.
 

 We are unable to hold as a matter of law that the evidence failed to support substantial inferences that the defendant may have acted carelessly, recklessly or mistakenly. Clearly, there is no unanimity in the evidence concerning the nature and extent of the conduct of either party and accordingly the legal consequences are also in dispute. The court erred in directing a verdict on the negligence count.
 

 The plaintiff has made other assignments of error, but since they will in all probability not reoccur during a retrial of this case, no useful purpose would be served in discussing them in this opinion.
 

 For the foregoing reasons the judgment of the circuit court of Marshall County entered on a verdict directed in favor of the defendant on the negligence count and the judgment of said court entered on the verdict of the jury in favor of the defendant on the intentional misconduct count are each reversed and remanded to the trial court with directions that plaintiff be granted a new trial on all issues.
 

 Reversed and remanded with directions.
 

 ALLOY and BARRY, JJ., concur.