KATHY S. (JOHNSON) BLACKBURN, Special Adm'r of the Estate of Phillip M. Johnson, Sr., Deceased, *et al.*, Plaintiffs-Appellees, v. BETTY LOUISE JOHNSON, Ex'r of the Estate of Wendell O. Johnson, Defendant-Appellant.

Fourth District   No. 4—88—0907

Opinion filed August 24, 1989.

Garry E. Davis, of Erickson, Davis & Murphy, Ltd., of Decatur, for appellant.

Carl William Telford and Scott R. Guido, both of Carl William Telford, Ltd., of La Salle, for appellees.

James Edward Tueth, of Regan & Tueth, of Decatur, guardian *ad litem*.

JUSTICE LUND delivered the opinion of the court:

This is an action for wrongful death. One count was based on intentional tort, the other on negligence. Plaintiffs' counsel abandoned the intentional tort theory and argued for a verdict based on negligence. The jury returned a verdict for defendant on the intentional tort count, and for plaintiffs in the amount of $599,000 on the negligence count. The circuit court of Macon County denied defendant's request for a judgment *n.o.v.* Defendant appeals.

The cause arises from a tragic alcohol-related altercation on July 4, 1981, at a trailer camping ground at Lake Shelbyville. Wendell Johnson and his wife, Betty, had retired for the night in their trailer. Their son, Phillip, who was intoxicated and had earlier argued with Wendell, came to the senior Johnson's trailer, argued with Betty, and knocked her down. Wendell arose, confronted Phillip, and, in a fight, obtained a knife and inflicted fatal wounds.

The facts indicated that when Wendell arose, he exclaimed, "You hit my wife; you hit my wife!" Some evidence indicated he may have said, "I am going to kill you; I am going to kill you." Phillip suffered 10 wounds, of which some were not serious, but the one to the heart and the one to the lung were both sufficient to cause the resulting death. Another camper testified he arrived at the end of the fight and saw Wendell crying, holding Phillip, and expressing his sorrow.

The principal issue relates to whether this fact situation can sustain a negligence verdict. Defendant argues an intentional tort took place and the jury verdict cannot stand. It is argued that Phillip had not attacked Wendell and was unarmed. However, the defense at trial was one of self-defense.

Judgment *n.o.v.* should be "entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.

Plaintiffs' negligence theory of the case was that Wendell either

(1) flailed or swung the knife, a dangerous instrumentality, in such a fashion as to injure Phillip, or (2) used excessive force in his self-defense, in that he should have known with the exercise of ordinary care that the use of deadly force was unreasonable.

This primary issue is interrelated with defendant's objection to the trial court's issue instruction. Defendant asserts the court instructed the jury in a legally inconsistent fashion. The court instructed the jury, concerning plaintiffs' negligence claim, that plaintiffs contend Wendell was negligent in one or more of the following respects:

> "Wendell O. Johnson negligently flailed, slashed and swung a dangerous instrumentality, a knife, in such a manner as to strike Phillip M. Johnson, Sr., thereby causing his death; and/or
>
> Wendell O. Johnson employed and engaged in an excessive use of force with a deadly weapon in defense of his person or of others or of his property at a time when Wendell O. Johnson knew, or in the exercise of reasonable and ordinary care should have known, that the use of such force with a deadly weapon was unreasonable."

Defendant maintains the second paragraph is incorrect because it suggests there was an intent on the part of Wendell. She believes this paragraph sets forth a theory of recovery that Wendell committed an intentional act negligently. She contends this is improper. Plaintiffs do not disagree that Wendell's conduct in stabbing Phillip was intentional. Plaintiffs argue that Wendell's negligence arose out of the decision of the necessity to use deadly force.

The parties' arguments focus on different conduct. Defendant focuses on the act of the stabbing, and maintains this was done intentionally. She argues, therefore, that any recovery based on negligence is improper.

Plaintiffs point, not to the stabbings, but the conduct surrounding them. They believe Wendell's negligence is based on a misperception of the need to use deadly force in self-defense. They, in essence, would find that a person using self-defense would have a duty to the other party to only use so much force as a reasonably prudent person would in that situation. In the case of deadly force, a person could only employ it if a reasonably prudent person would determine it was necessary to do so to avoid imminent harm or death to himself or others. Thus, whether the ultimate act (the stabbing) is intentional or not is immaterial. The focus is on the determination of the necessity of the use of the force. Therefore, under these facts, an intentional act can be performed negligently.

No case in Illinois has been found involving this situation. Defendant argues *Hough v. Mooningham* (1986), 139 Ill. App. 3d 1018, 487 N.E.2d 1281, is dispositive. There, in a personal injury action, plaintiff's complaint contained count I based on negligence, and count II, containing the same facts, alleging wilful and wanton misconduct. The trial court found for plaintiff on both counts. On appeal, the appellate court determined the verdict was inconsistent because it was equivalent to a finding that the same conduct was negligent and also wilful and wanton. It noted in Illinois that this could not be. The court ultimately vacated the less serious count of negligence.

Defendant relies on language in *Hough* and insists plaintiffs' negligence count must fail. The evidence is clear, she argues, that the stabbing was intentional or wilful. Therefore, pursuant to *Hough*, it could not also be negligent. However, it appears *Hough* is limited to the situation where judgment is entered based on two conflicting theories. This is not true of the present situation.

■■ ■ A review of the authorities reveals no consideration of this exact question. Both the Restatement of Torts and Prosser indicate that self-defense is a defense to an intentional tort. (Restatement (Second) of Torts §§63 through 76 (1965); W. Prosser, Law of Torts §19, at 108-12 (4th ed. 1971).) They also indicate that an excessive use of force can allow recovery. However, these discussions are contained in the section dealing with intentional torts. There is no reference to negligence. The closest language would be in Prosser where, in discussing the belief of the apparent necessity of the use of force, he states:

> "The belief must, however, be one which a reasonable man would have entertained under the circumstances. The defendant is not required to behave with unusual courage, but neither is he free to behave with abnormal timidity, or to be a complete fool; and it is not enough that he really believes that he is about to be attacked, unless he has some reasonable ground for the belief. Evidence as to his state of mind and nerves, and the threats, past conduct, and reputation of his assailant which may have induced it, is important and admissible on the issue of what was reasonable, which is frequently one for the jury, but the standard to be applied is the external one of reasonable conduct." W. Prosser, Law of Torts §19, at 109 (4th ed. 1971).

We note the use of the term "reasonable conduct" in Prosser, and the definition of "negligence" as "something which a reasonably careful person would do or *** not do" (Illinois Pattern Jury Instructions, Civil, No. 10.01, at 53 (2d ed. 1971)).

We are aware of possibly treading on new ground, but conclude the plaintiffs' arguments have merit.

■■ The evidence indicated both the Wendell Johnson and the Phillip Johnson families were holidaying together at Lake Shelbyville. Phillip's children were in and out of Wendell's trailer. Wendell and Phillip had gone with others to listen to music earlier in the evening. While Wendell and Phillip had argued, there was evidence of alcohol use by all, but to excess by Phillip. No underlying animosity was shown. The evidence could have justified a finding that Wendell overreacted in gaining control of his intoxicated son, who had struck his mother. The denial of judgment *n.o.v.* was proper.

We next address defendant's contention that the trial court committed reversible error by limiting the cross-examination of Dr. Howard Penning. Dr. Penning, a pathologist, testified concerning the autopsy of Phillip. He stated that arteriosclerotic plaque significantly blocked the left descending coronary vessel. On cross-examination, defendant attempted to ask how this would have affected Phillip's health in the future. The court sustained plaintiffs' objection. Defendant maintains this is error since, in determining the amount Phillip could have contributed to his family in the future, it is necessary to consider his age, health, and life expectancy, and the effect this blockage would have on these is relevant.

■■ ■ No offer of proof was made and, therefore, it is impossible for this court to determine what the testimony would have been. A party cannot obtain reversal based on the failure to admit evidence without showing what the evidence would be, in order to allow a court of review to assess the prejudice inuring from the exclusion. (*Hall v. Northwestern University Medical Clinics* (1987), 152 Ill. App. 3d 716, 722, 504 N.E.2d 781, 785; *Lukas v. Lightfoot* (1985), 131 Ill. App. 3d 566, 569, 476 N.E.2d 1, 3.) The failure to make an offer of proof precludes defendant from raising this allegation of error. We need not discuss the speculative nature of the proposed testimony.

Two additional objections are made relating to instructions. As noted, defendant raised the affirmative defense of self-defense. Accordingly, she submitted a jury instruction which contained the language set forth in sections 7—1 and 7—2 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, pars. 7—1, 7—2). Specifically, one indicated that the acts of Wendell would be justified if he reasonably believed they were necessary to prevent death or imminent bodily harm to himself or another.

Another instruction was based on the language of section 7—2 and provided that Wendell's actions would be justified if he reasonably

believed they were necessary to terminate the unlawful entry of Phillip into the trailer, or to prevent the commission of a felony. This was also refused. The jury was instructed that Wendell's conduct and protection of his property were justified if he reasonably believed it was necessary to expel the intruder and, unless expelled, the intruder was likely to cause great bodily harm or death. Defendant believes that to so limit the instructions was prejudicial error.

■■ Defendant asserts this is error because the tendered instructions contained the language set forth in sections 7—1 and 7—2 of the Code. She argues the evidence would have supported a finding that a forcible felony occurred. Section 2—8 of the Code (Ill. Rev. Stat. 1987, ch. 38, par. 2—8) sets forth the different conducts which constitute a forcible felony. The only one relevant to the present situation is the offense of aggravated battery. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4.) Defendant believes this took place, arguing that Phillip committed an act of battery on his mother in a public place of accommodation. She also believes it was error to deny the second instruction since Phillip's actions at the time he entered the trailer were violent, riotous, and tumultuous and, accordingly, section 7—2(a) was applicable (Ill. Rev. Stat. 1987, ch. 38, par. 7—2(a)). However, the instructions defendant tendered at trial do not contain the language from section 7—2(a) which she now contends should have been there. Accordingly, her argument relating to section 7—2(a) is waived.

In *Winn v. Inman* (1983), 119 Ill. App. 3d 836, 457 N.E.2d 141, plaintiff sued under a theory of assault and battery, and defendant argued self-defense. The reviewing court approved the following instruction:

> " 'A person is justified in defending himself if he reasonably believes that he is being threatened with immediate bodily harm.
>
> In deciding whether a person is reasonable in his belief that he is being threatened with immediate bodily harm, you must determine whether a reasonable man who found himself in that person's situation would have believed that he was threatened with immediate bodily harm.
>
> A person, while defending himself, may only use such force as is reasonably necessary under the circumstances.' " (*Winn*, 119 Ill. App. 3d at 841, 457 N.E.2d at 145.)

We note the similarity with the instructions given in the present case.

In an earlier case, *Ewurs v. Pakenham* (1972), 8 Ill. App. 3d 733, 290 N.E.2d 319, the court did address the instruction necessary when deadly force is used. It specifically went to section 7—1 and approved

using that part of the instruction which refers to imminent death or great bodily harm. Thus, there is precedent for giving instructions in civil cases incorporating parts of the Code.

Defendant's argument fails for the lack of evidence which would support a finding of a forcible felony. As noted, the only forcible felony Phillip could have committed is aggravated battery. Defendant asserts Phillip's conduct met this criterion since he committed a battery on his mother in a public place of accommodation, being the public campground. (See Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(8).) The essence of section 12—4(b)(8) is that the battery occurred in a public area, and the test of that is whether the area where the offense occurred is accessible to the public. (*People v. Kamp* (1985), 131 Ill. App. 3d 989, 993, 476 N.E.2d 768, 770; *People v. Ward* (1981), 95 Ill. App. 3d 283, 287-88, 419 N.E.2d 1240, 1244.) However, the evidence is clear that Wendell and his wife owned the trailer in which the event occurred and used it as a personal residence. The evidence would not support a finding of a forcible felony, and an instruction premised on a forcible felony being committed by Phillip would have been improper.

Defendant submitted her instruction No. 7, which is contained in the Illinois Pattern Jury Instructions, and which provided that the jury could consider whether a person was intoxicated, and that this could be considered, along with other factors, in determining if a person was contributorily negligent. (See Illinois Pattern Jury Instructions, Civil, No. 12.01 (2d ed. 1971).) The court refused it, finding defendant had not raised contributory negligence earlier and that Phillip's contributory negligence should not affect the estate's recovery.

Defendant asserts the court erred in denying this instruction and not instructing the jury as to comparative negligence. She notes the court's statements that Phillip's negligence should not affect the estate's recovery were wrong. (See Illinois Pattern Jury Instructions, Civil, No. A45.05 (1986 Supp.); *Tonarelli v. Gibbons* (1984), 121 Ill. App. 3d 1042, 460 N.E.2d 464.) Accordingly, she believes the jury should have been instructed on comparative negligence.

Defendant never pleaded or raised comparative or contributory negligence prior to the jury instruction conference. Generally, no instruction need be given the jury concerning issues not raised by the pleadings. (*Seward v. Griffin* (1983), 116 Ill. App. 3d 749, 755, 452 N.E.2d 558, 564; *Fisher v. Bogdanovic* (1973), 10 Ill. App. 3d 311, 314, 293 N.E.2d 176, 178; 35 Ill. L. & Prac. *Trial* §232 (1958).) To instruct a jury on an issue not raised in the pleadings is error. (*Mitch-*

*ell v. Four States Machinery Co.* (1966), 74 Ill. App. 2d 59, 79, 220 N.E.2d 109, 118.) Further, the failure to plead an affirmative defense, which would likely take the opposite party by surprise, waives the asserted defense. (Ill. Rev. Stat. 1987, ch. 110, par. 2—613(d); *Spagat v. Schak* (1985), 130 Ill. App. 3d 130, 134, 473 N.E.2d 988, 992.) It cannot be considered even if the evidence suggests the existence of such a defense. (*Spagat*, 130 Ill. App. 3d at 134, 473 N.E.2d at 992; *Dayan v. McDonald's Corp.* (1984), 125 Ill. App. 3d 972, 998, 466 N.E.2d 958, 977.) A claim of comparative or contributory negligence is such an affirmative defense. Ill. Rev. Stat. 1987, ch. 110, par. 2—613(d).

■ Apparently to circumvent this argument, defendant has filed a motion for leave to file an answer to plaintiffs' second-amended complaint with this court, asserting for the first time the comparative negligence theory. It is too late to close the barn door. The allowance of such a motion would make a mockery of the trial court proceedings. Even if the evidence would support such a defense, if it is not interposed on the trial level by answer, it would not be considered on appeal. (*Ellerby v. Spiezer* (1985), 138 Ill. App. 3d 77, 80, 485 N.E.2d 413, 415.) Defendant's motion for leave is denied.

■ It should also be noted that no instructions involving comparative or contributory negligence, other than the ones mentioned earlier, were offered by defendant. A party cannot complain of a failure to give an instruction unless he tendered the instruction to the court. *People v. Huckstead* (1982), 91 Ill. 2d 536, 543, 440 N.E.2d 1248, 1251.

The judgment of the circuit court of Macon County is affirmed.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.