MARY JANE PALMER, Plaintiff-Appellee, v. FRANK W. PALMER, Defendant-Appellant.

Third District   No. 3—86—0807

Opinion filed May 16, 1988.

James A. Martinkus, of Erwin, Martinkus, Cole & Ansel, Ltd., of Champaign, for appellant.

James L. Hafele and James W. Springer, both of James L. Hafele, P.C., of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The defendant husband, Frank W. Palmer, appeals from the trial court's order of compensatory damages to the plaintiff wife, Mary Jane Palmer. We affirm.

The wife sought damages for her injuries resulting from the husband's allegedly intentional collision with a bridge abutment and/or his allegedly beating her after the collision. The events underlying this case occurred before dissolution of the parties' marriage. The husband was driving when their car collided with a bridge abutment. The passenger wife apparently suffered a broken neck and other injuries.

On remand following an interlocutory appeal (*State Farm Mutual Automobile Insurance Co. v. Palmer* (1984), 123 Ill. App. 3d 674, 463 N.E.2d 129), a jury heard the wife's claim. It returned a verdict of $5,000 punitive damages and $150,000 compensatory damages for the wife. Pursuant to the parties' stipulation, the court entered an order of $115,000 compensatory damages. The husband brought the instant appeal.

The husband initially raised four issues on appeal. Pursuant to the wife's motion, however, we dismissed the appeal as to the husband's

issue based upon interspousal immunity. We will discuss the three remaining issues in turn.

■ The husband first argues that the court erred in refusing to set aside the judgment, as it was against the manifest weight of the evidence. Regarding the wife's claim that she was injured when the husband wilfully and wantonly drove into a bridge abutment, the husband points to his testimony about fog on the night of the accident and also argues that there was a failure of proof of his intent. Further, the husband denies the wife's claim that he beat her following the collision. He notes that the wife reported to all of her treating physicians that she was injured in a car accident and that she did not indicate to them that the husband's blows had inflicted any of the injuries.

While there was scanty evidence on any post-collision battery, evidence surrounding the collision itself was ample. Both parties testified that just before the collision, the wife had revealed her unfaithfulness to the husband. The husband testified that immediately before the collision he had slapped the wife, the first time he had ever struck her. He also acknowledged that after the wife's revelation but before the collision he drove to his mother's grave site to have the wife admit her affair to his deceased mother. He also expressed that he had been frustrated, emotionally upset, and angry toward the wife. Further, there was testimony that the night was clear.

Considering the evidence of the husband's agitated state and the conflicting testimony on the weather conditions at the time of the collision, we find that there was sufficient proof to support the jury's verdict and that, consequently, the court did not err in refusing to set aside the verdict. *Leahy v. Illinois Power Co.* (1981), 103 Ill. App. 3d 487, 431 N.E.2d 390.

■ The husband's second argument is that the court erred in refusing to set aside the judgment as the jury improperly considered the probability of insurance coverage. He relies on the fact that in its second day of deliberation, and just prior to announcing a verdict, the jury submitted to the court a written question about whether an insurance company which had paid medical expenses to the wife would be entitled to reimbursement upon a monetary award to the wife.

After receiving the jury's question, the court consulted with the parties. It then responded in writing, instructing the jury not to consider the existence of insurance. Even assuming *arguendo* that the defendant has not waived his argument by failing to object at trial (see *Pruitt v. Motor Cargo, Inc.* (1961), 30 Ill. App. 2d 222, 173 N.E.2d 851), the husband's argument is meritless. While the husband

correctly notes that a verdict must respond to the issues in a case (*Anderson v. Krancic* (1946), 328 Ill. App. 364, 66 N.E.2d 316), there is no evidence that the jury improperly considered insurance coverage. Especially given the court's response to the jury's inquiry, there was no error.

■■ ■ The husband's final argument is that the court erred in giving the wife's modified version of Illinois Pattern Jury Instructions, Civil, No. 20.15.01 (2d ed. 1971). The instruction was given as follows:

"The plaintiff claims that she was injured and sustained damage and that the defendant committed a battery in one or more of the following respects:

A. The defendant knowingly or intentionally drove the motor vehicle in which the plaintiff was a passenger into a bridge abutment.

B. The defendant knowingly or intentionally beat and struck the plaintiff.

C. The defendant knowingly or intentionally otherwise used his hands to cause injury to the plaintiff.

The plaintiff further claims that one or more of the foregoing was a proximate cause of her injuries.

The defendant denies he acted knowingly or intentionally in doing any of the things claimed by the plaintiff, denies that he committed a battery, and denies that any claimed act on the part of the defendant was a proximate cause of the claimed injuries."

The husband argues that paragraph B of the instruction should have been amended to read: "The defendant knowingly or intentionally beat and struck the plaintiff *after the collision*." (Emphasis added.) According to the husband's argument, because the instruction was given without that amendment, and considering the existence of evidence that the husband slapped the wife prior to the collision, the jury may have been confused about which conduct the wife was seeking to have compensated.

A party is entitled to accurate and adequate instructions, especially when a case is close. However, where there is an error in jury instruction but a reviewing court can see from the entire record that no injury has been done, the judgment will not be disturbed. *Both v. Nelson* (1964), 31 Ill. 2d 511, 202 N.E.2d 494.

The evidence of the husband's slapping the wife shortly before the collision was properly before the jury for its consideration of the husband's mental state at the collision. Because there was both evidence of that slapping before the collision and the allegation of beating fol-

lowing the collision, the instructions might have been more clear if amended as the husband requested. Nevertheless, we find no prejudicial error.

The wife sought recovery for severe injuries apparently including a broken neck. She did not connect those injuries with the husband's striking her before the collision. In fact, she denied that the husband slapped her before the collision. The thorough testimony established that a precollision slap was a possible circumstance in the events leading to the wife's injuries. However, the evidence did not suggest that with a slap before the collision, the husband "beat and struck" the wife, thus causing her serious injuries. In light of that fact, the instruction at issue could not have misled the jury to improperly award the wife damages based upon a slap occurring before the collision.

Based on the foregoing, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HEIPLE and SCOTT, JJ., concur.