# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Babikian v. Mruz*, 2011 IL App (1st) 102579

---

| | |
|---|---|
| Appellate Court Caption | LISA BABIKIAN, Plaintiff-Appellee, v. RICHARD MRUZ, M.D., Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-10-2579 |
| Filed | July 18, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a medical malpractice action, defendant physician forfeited the issue of whether the trial court erred in admitting evidence and argument that he was not board certified and had failed the board-certification examination, and where the trial court erred in denying defendant's motion for a setoff, the appellate court granted that motion and so ordered. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 06-L-11209; the Hon. Susan M. Zwick, Judge, presiding. |
| Judgment | Affirmed in part, reversed in part, and modified. |

Counsel on Appeal

Pretzel & Stouffer Chtrd., of Chicago (Timothy A. Weaver and Michael A. Barry, of counsel), for appellant.

Law Office of Kenneth C. Chessick, M.D., of Schaumburg (Kenneth C. Chessick and Magdalena Dworak, of counsel), for appellee.

Panel

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Hall and Justice Rochford concurred in the judgment and opinion.

## OPINION

¶ 1 The plaintiff, Lisa Babikian, brought this action against the defendant, Richard Mruz, M.D., seeking recovery for damages sustained as a result of negligent medical treatment. The jury found in favor of the plaintiff and returned a verdict in the amount of $500,500. The circuit court entered judgment on the verdict, and the defendant has appealed. For the reasons that follow, we affirm in part, reverse in part, and order a setoff in favor of the defendant.

¶ 2 The record reflects the following relevant facts. The plaintiff came under the care of the defendant in February 2000. After examining the plaintiff, the defendant performed a diagnostic laparoscopy to determine whether she suffered from endometriosis. The procedure was performed on an outpatient basis at Alexian Brothers Medical Center (Alexian Brothers). During the laparoscopy, the defendant pierced the plaintiff's transverse colon, requiring immediate corrective surgery by another surgeon. Immediately after that surgical repair had been accomplished, the defendant completed the laparoscopy. He found no evidence of endometriosis, but discovered a seven-centimeter ovarian cyst, which was sent to the lab for testing.

¶ 3 The perforation of the plaintiff's transverse colon required further hospitalization, a colostomy, and an additional surgery to reverse the colostomy. The plaintiff also developed ileus, a condition that necessitated a three-week hospital stay. The multiple incisions caused the plaintiff to develop hernias, also requiring further hospitalization. As a result of these treatments and complications, the plaintiff suffers from permanent pain in her abdomen. In addition, her mental health declined, impelling her to seek treatment from psychologists and psychiatrists. The plaintiff was prescribed antidepressant medications and eventually required emergency hospitalization because she had become suicidal.

¶ 4 Prior to filing suit against the defendant, the plaintiff and her husband, Aleco, entered into an agreement with Alexian Brothers. Pursuant to that agreement, the plaintiff and Aleco executed a covenant not to sue in exchange for a payment of $70,000, which was not apportioned in any way.

¶ 5 The plaintiff and Aleco subsequently brought this medical malpractice action against the

defendant. The plaintiff claimed that, as a result of the defendant's negligence, she suffered damages for permanent injury and disfigurement, medical expenses, pain and suffering, and emotional distress. Aleco sought recovery for loss of consortium.

¶ 6 During discovery, the defendant identified himself as a controlled expert witness under Supreme Court Rule 213(f)(2) (Ill. S. Ct. R. 213(f)(2) (eff. Jan. 1, 2007)), stating that he "would testify regarding his training, education, and experience," as well as "his care and treatment of [the plaintiff]," and "his compliance with the standard of care." The defendant further disclosed that he would testify that his care and treatment of the plaintiff "were reasonable, appropriate, and within the standard of care, and [that] his care and treatment did not cause the injuries as claimed by the plaintiff."

¶ 7 Also during discovery, the plaintiff and Aleco disclosed the existence of the covenant not to sue and that they had received a payment of $70,000 from Alexian Brothers. Approximately two years before trial, the plaintiff and Aleco divorced, and Aleco thereafter voluntarily dismissed his loss-of-consortium claim.

¶ 8 Prior to trial, the defendant filed a motion seeking to preclude the plaintiff from presenting evidence that he had previously failed the board examination in obstetrics and gynecology. The trial court granted the defendant's motion, in part, ruling that evidence regarding the defendant's lack of board certification would be admitted only if the defendant provided expert opinions as to the standard of care.

¶ 9 At trial, the defendant was called as an adverse witness by the plaintiff. During that examination, the defendant testified regarding his professional education and experience, as well as his treatment of the plaintiff and the reasons underlying his treatment decisions. When the plaintiff's counsel inquired whether he believed that he had complied with the standard of care in treating the plaintiff, the defendant responded, "I am a physician for over 30 years or so. *** I am going to do things appropriately, I am going to ask the proper questions. I did in [the plaintiff's] case." The defendant further testified that he was not board certified. In addition, after acknowledging that a candidate for board certification must first take the written portion of the board examination before sitting for the oral portion, the defendant stated that he had not taken the oral portion of the test. The defendant was never expressly asked, nor did he testify regarding, whether he had failed the written portion of the certification exam. A subsequent objection by defense counsel was overruled based on the fact that the defendant had earlier testified to his expert opinion regarding the standard of care.

¶ 10 The trial court instructed the jurors that, if they found in favor of the plaintiff, they could award damages for pain and suffering and also for emotional distress, as long as those elements of damages were supported by the evidence. The jury returned a verdict for the plaintiff in the amount of $500,500, which included specific awards of $200,000 for pain and suffering and $130,000 for emotional distress.

¶ 11 The defendant filed a posttrial motion, asserting that the trial court erred in permitting the plaintiff to imply to the jury that the defendant had failed the board-certification examination and by instructing the jury that damages could be awarded separately for both pain and suffering and emotional distress. In addition, the defendant requested that he be

awarded a setoff based on the prior settlement agreement between the plaintiff and Alexian Brothers. The trial court denied the defendant's posttrial motion in its entirety, and this appeal followed.

¶ 12 The defendant initially contends that the trial court committed reversible error in allowing the plaintiff to present evidence and argument that he was not board certified and that he had failed a portion of the board-certification examination. In response, the plaintiff argues that the defendant has forfeited this issue by failing to assert a timely objection at trial. We agree that the issue has been forfeited on appeal.

¶ 13 A court's evidentiary rulings may not be challenged on appeal if they have not been properly preserved. See generally *Thornton v. Garcini*, 237 Ill. 2d 100, 106, 928 N.E.2d 804 (2009). Rulings on motions *in limine* are interlocutory and remain subject to reconsideration by the court throughout the trial. *Cetera v. DiFilippo*, 404 Ill. App. 3d 20, 40, 934 N.E.2d 506 (2010). Consequently, an adverse ruling on a pretrial motion to exclude evidence is not sufficient to preserve the issue for appeal. *Simmons v. Garces*, 198 Ill. 2d 541, 569, 763 N.E.2d 720 (2002); *Cetera*, 404 Ill. App. 3d at 40. The moving party must also make a contemporaneous objection at trial when the evidence is introduced in order to allow the court the opportunity to revisit its earlier ruling. *Simmons*, 198 Ill. 2d at 569. Failure to object at trial results in forfeiture of the issue on appeal. *Simmons*, 198 Ill. 2d at 569; *Cetera*, 404 Ill. App. 3d at 40. Also, the failure to object to allegedly improper comments during closing argument operates as a forfeiture of the objection. *Velarde v. Illinois Central R.R. Co.*, 354 Ill. App. 3d 523, 543-44, 820 N.E.2d 37 (2004).

¶ 14 In this case, the defendant's motion *in limine* sought to exclude evidence that he had failed the written portion of the board-certification examination. The trial court granted that motion, in part, and ruled that evidence of his lack of board certification would be admitted only if the defendant provided an expert opinion regarding the standard of care. At trial, the defendant testified that he complied with the standard of care in treating the plaintiff, and he also stated that he was not board certified and had not taken the oral portion of the certification examination. Defense counsel did not raise a contemporaneous objection to this testimony. In addition, the defendant did not object to the closing argument of the plaintiff's attorney on the basis that her comments improperly referenced his lack of board certification. Consequently, the defendant has forfeited the right to challenge that evidence and argument. See *Simmons*, 198 Ill. 2d at 569; *Velarde*, 354 Ill. App. 3d at 543-44.

¶ 15 Moreover, even if this issue had been preserved for review, we would find no error in the trial court's decision. First, we observe that the defendant was never explicitly questioned, nor did he testify, regarding the fact that he had failed the written portion of the board examination. Second, such evidence would have been admissible if it had been adduced. See *Rockwood v. Singh*, 258 Ill. App. 3d 555, 557, 630 N.E.2d 873 (1993) (holding that, where a physician who has been sued for malpractice testifies as an expert, evidence regarding his age, practice, and failure to pass board-certification examinations is relevant and admissible); *McCray v. Shams*, 224 Ill. App. 3d 999, 587 N.E.2d 66 (1992) (same). Accordingly, we reject the defendant's assertion that the judgment is subject to reversal on this ground.

¶ 16 The defendant next argues that the trial court erred by instructing the jury that damages

-4-

could be awarded for pain and suffering and for emotional distress. We disagree.

¶ 17    Whether to provide a particular jury instruction is within the sound discretion of the trial court, and the court's decision will be reversed only where the trial court abused its discretion. *York v. Rush-Presbyterian-St. Luke's Medical Center*, 222 Ill. 2d 147, 203, 854 N.E.2d 635 (2006). A trial court does not abuse its discretion so long as, " 'taken as a whole, the instructions fairly, fully, and comprehensively apprised the jury of the relevant legal principles.' " *York*, 222 Ill. 2d at 203 (quoting *Schultz v. Northeast Illinois Regional Commuter R.R. Corp.*, 201 Ill. 2d 260, 273-74, 775 N.E.2d 964 (2002)).

¶ 18    Here, the trial court gave a modified jury instruction, modeled on Illinois Pattern Jury Instructions, Civil, Nos. 30.01, 30.05, and 30.05.01 (2006), instructing the jury as to the possible elements of damages claimed by the plaintiff. The modified instruction informed the jurors that they could award damages for pain and suffering and also for emotional distress, if they determined that such damages were proved to have resulted from the defendant's negligence.

¶ 19    The defendant initially contends that the modified instruction was improper because damages for emotional distress may be awarded only where a cause of action for intentional or negligent infliction of emotional distress has been asserted, which the plaintiff did not do in this case. In fact, the rule in Illinois is just the opposite. Damages for emotional distress are available to prevailing plaintiffs in cases involving personal torts such as medical negligence. *Clark v. Children's Memorial Hospital*, No. 108656, slip op. at 28 (Ill. May 6, 2011) (citing *Cummings v. Jha*, 394 Ill. App. 3d 439, 915 N.E.2d 908 (2009)).

¶ 20    The defendant further claims that the modified jury instruction and the verdict form, which included a separate line for emotional-distress damages, induced the jury to grant the plaintiff a double recovery for her mental pain and suffering. This claim, however, is not supported by the record. It is presumed that the jury understood and followed the court's instructions. See *McDonnell v. McPartlin*, 192 Ill. 2d 505, 535, 736 N.E.2d 1074 (2000); *Aguirre v. City of Chicago*, 382 Ill. App. 3d 89, 100, 887 N.E.2d 656 (2008). Here, there is no indication in the record that the jury was confused in its determination of the appropriate amount of damages for the plaintiff's mental pain and suffering. Also, the defendant did not submit any special interrogatories, the answers to which would have demonstrated whether a double recovery had been awarded. In the absence of some supporting evidence in the record, the defendant's claim that the modified instruction and the verdict form induced the jury to award the plaintiff a double recovery for her mental distress is mere conjecture. Consequently, we find no abuse of discretion in the trial court's instructions to the jury.

¶ 21    Finally, the defendant claims that the trial court erred in denying his request for a setoff based on the plaintiff's prior settlement with Alexian Brothers. The determination of whether a defendant is entitled to a setoff is a question of law and, therefore, subject to *de novo* review. *Thornton*, 237 Ill. 2d at 115-16.

¶ 22    Although the settlement of claims is to be encouraged, Illinois also has a public policy of limiting a plaintiff to one recovery for a single injury and of protecting the financial interests of nonsettling parties. *Patton v. Carbondale Clinic, S.C.*, 161 Ill. 2d 357, 372, 641 N.E.2d 427 (1994). Thus, section 2(c) of the Joint Tortfeasor Contribution Act provides that

-5-

a settlement reduces the amount of recovery against another defendant liable for the same injury by the amount stated in the release, or by the actual consideration paid for the release. 740 ILCS 100/2(c) (West 2008); *Pasquale v. Speed Products Engineering*, 166 Ill. 2d 337, 368, 654 N.E.2d 1365 (1995); *Patton*, 161 Ill. 2d at 372. Generally, a nonsettling party seeking a setoff bears the burden of proving what portion of a prior settlement was allocated or attributable to its share of the liability. *Pasquale*, 166 Ill. 2d at 369. Yet, a problem arises where a prior settlement has not been allocated among the various claims at issue in the earlier case. See *Patton*, 161 Ill. 2d at 370-71 (citing *Betts v. Manville Personal Injury Settlement Trust*, 225 Ill. App. 3d 882, 900, 588 N.E.2d 1193 (1992)). The supreme court had held that, where a settlement provides compensation for multiple claims and the plaintiff fails to apportion the damages accordingly or request that the trial court exercise its discretion to apportion the settlement proceeds, a subsequent defendant is not obligated to bear the burden of proving what portion of the plaintiff's previous settlement should be set off or be denied a setoff. *Patton*, 161 Ill. 2d at 371 (citing *Betts*, 225 Ill. App. 3d at 900); see also *Pasquale*, 166 Ill. 2d at 369 (citing *Patton*, 161 Ill. 2d at 370).

¶23 Here, the defendant presented evidence that the plaintiff and her former husband received a payment of $70,000 in exchange for a covenant not to sue Alexian Brothers. Because that settlement was not apportioned in any way, it was the plaintiff's, rather than the defendant's, burden to establish that the entire unallocated settlement amount of $70,000 was not attributable to her medical negligence cause of action, as opposed to Aleco's claim for loss of consortium. See *Patton*, 161 Ill. 2d at 370-71 (citing *Betts*, 225 Ill. App. 3d at 900). In light of the fact that the defendant was not a party to the prior settlement negotiations and could not request that the settlement be allocated at the time it was executed, we hold that the defendant should not bear the burden of the plaintiff's failure to properly apportion the settlement with Alexian Brothers.

¶24 Moreover, contrary to the plaintiff's assertion, the trial court that presided over the instant litigation against the defendant could not apportion the Alexian Brothers settlement because it was not involved in approving that settlement and did not hear any of the evidence pertaining to Aleco's loss-of-consortium claim. See *Patton*, 161 Ill. 2d at 370. Since the prior settlement was accomplished outside of all judicial purview, the defendant had no opportunity to seek a judicial apportionment and cannot be faulted for failing to do so.

¶ 25 In reaching this conclusion, we note that the cases cited by the plaintiff predate *Patton* and are factually distinguishable in that they did not involve circumstances where the defendant seeking the setoff was not a party to the litigation in which the prior settlement was reached and approved. See *Kipnis v. Meltzer*, 253 Ill. App. 3d 67, 625 N.E.2d 320 (1993); *Johnson v. Belleville Radiologists, Ltd.*, 221 Ill. App. 3d 100, 581 N.E.2d 750 (1991); *Houser v. Witt*, 111 Ill. App. 3d 123, 443 N.E.2d 725 (1982); see also *Thornton*, 237 Ill. 2d at 117 (recognizing that the holding in *Patton* applied only where the defendant was not a party to the case underlying the prior settlement); *Pasquale*, 166 Ill. 2d at 372 (same). Consequently, we hold that the trial court should have granted the defendant's posttrial motion for a setoff.

¶ 26 Pursuant to our authority under Illinois Supreme Court Rule 366(a) (eff. Feb. 1, 1994), we now grant that motion, find that the defendant is entitled to a setoff of $70,000 against

the jury's verdict of $500,500, and so order. See *Dick v. Gursoy*, 124 Ill. App. 3d 185, 189, 471 N.E.2d 195 (1984). In all other respects, the judgment of the circuit court of Cook County is affirmed.

¶ 27          Affirmed in part, reversed in part, and modified.