# Illinois Official Reports

## Appellate Court

*Marxmiller v. Champaign-Urbana Mass Transit District*, 2017 IL App (4th) 160741

| | |
|---|---|
| Appellate Court Caption | PATRICIA J. MARXMILLER and KEN MARXMILLER, Plaintiffs-Appellees, v. THE CHAMPAIGN-URBANA MASS TRANSIT DISTRICT, Defendant-Appellant. |
| District & No. | Fourth District<br>Docket No. 4-16-0741 |
| Filed | November 30, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 15-L-38; the Hon. Michael Q. Jones, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Stephen R. Swofford, of Hinshaw & Culbertson LLP, of Chicago, for appellant.<br><br>James J. Hagle, Jeffrey D. Frederick, and Aaron D. Lauter, of Frederick & Hagle, of Urbana, for appellees. |
| Panel | JUSTICE APPLETON delivered the judgment of the court, with opinion.<br>Justices Holder White and DeArmond concurred in the judgment and opinion. |

¶ 1 In this negligence action, plaintiffs, Patricia J. Marxmiller and Ken Marxmiller, recovered a money judgment against defendant, Champaign-Urbana Mass Transit District (CUMTD). Defendant appeals, arguing the Champaign County circuit court erred in two of the instructions it gave the jury.

¶ 2 The first instruction at issue informed the jury that the trial court had found defendant to be liable to plaintiffs. See Illinois Pattern Jury Instructions, Civil, No. 1.02 (2011) (hereinafter, IPI Civil (2011) No. 1.02) ("Pre-Trial Judicial Determination in Favor of Plaintiff"). Defendant argues this instruction was misleading and prejudicial and that, instead, the court should have given IPI Civil (2011) No. 1.03B ("Admitted Fault and Causation"), considering that by withdrawing its affirmative defense of comparative fault, defendant had forthrightly admitted negligence and proximate cause.

¶ 3 For the following reasons, we are unconvinced by this first challenge to the jury instructions. Before defendant withdrew its affirmative defense, the trial court made summary determinations that (1) Patricia J. Marxmiller was no more than 50% at fault in the accident and (2) defendant's negligence was a proximate cause of her injuries. The court thereby found defendant to be liable to plaintiffs. Defendant's negligence and the proximately resulting injuries were established by the court's summary determinations, not by defendant's admissions. Thus, IPI Civil (2011) No. 1.02, rather than IPI Civil (2011) No. 1.03B, was the correct instruction to give, and we find no abuse of discretion in the giving of that instruction. Without that instruction, the jury would have been confused as to why the question of defendant's liability was being skipped over in the trial.

¶ 4 The second jury instruction at issue is an instruction coupled with a verdict form. The instruction informed the jury that, on one line of "Verdict Form A," which was for Patricia J. Marxmiller, it could award damages for pain and suffering (if it found such damages to be proved) and that, on another line of the verdict form, it could award damages for emotional distress. See IPI Civil (2011) Nos. 30.01 ("Measure of Damages—Personal and Property"); 30.05 ("Measure of Damages—Pain and Suffering—Past and Future"); 30.05.01 ("Measure of Damages—Emotional Distress—Past and Future"); B45.02.A ("Verdict Form A—Single Plaintiff and Defendant—No Contributory Negligence Pleaded"). Defendant argues the court thereby authorized a double recovery since emotional distress was a form of suffering.

¶ 5 We agree that emotional distress is a form of suffering and that itemizing emotional distress and suffering as separate elements of damages creates a risk of double recovery. It does not appear, though, that the jury was misled in this particular case. Because the jury awarded half a million dollars *less* for pain and suffering than for emotional distress, we see no evidence of a double recovery. In Verdict Form A, the elements of damages had to be added together to yield a total, and evidently the jury perceived the illogic of duplication. Even though, normally, emotional distress would be regarded as a component of suffering, it appears that, in the context of Verdict Form A, the jury understood the item of suffering as excluding the item of emotional distress—or else the award for pain and suffering would have been greater than the award for emotional distress, rather than less.

¶ 6 Therefore, we affirm the trial court's judgment. See *McHale v. W.D. Trucking, Inc.*, 2015 IL App (1st) 132625, ¶ 116 ("[A] judgment will not be reversed where the jury instructions are faulty unless they mislead the jury and the complaining party suffered prejudice." (Internal

quotation marks omitted.)).

¶ 7                                           I. BACKGROUND

¶ 8        On February 25, 2015, in Champaign, Illinois, Patricia J. Marxmiller was struck by one of defendant's buses. Her legs were so severely injured they had to be amputated. She sued for her personal injuries, and her spouse, Ken Marxmiller, sued for loss of consortium. Defendant pleaded an affirmative defense of comparative fault.

¶ 9        Before the jury trial, the parties filed cross-motions for partial summary judgment. See 735 ILCS 5/2-1005(d) (West 2016). Plaintiffs sought a summary determination of defendant's negligence and also a summary determination against defendant's affirmative defense that Patricia J. Marxmiller was comparatively at fault. Defendant, on the other hand, sought a summary determination that she was at fault to some degree.

¶ 10       The trial court ruled on the cross-motions for summary judgment as follows. It granted plaintiffs' motion for a summary determination that (1) defendant's negligence was a proximate cause of Patricia J. Marxmiller's injuries and (2) she could be no more than 50% at fault. It declined to make a summary determination, however, that she was completely free of comparative fault. By the same token, it denied defendant's motion for a summary determination that she was at fault to some degree. Essentially, then, the court ruled that the issue of whether she was at fault to the extent of 50% or less was for the jury to resolve.

¶ 11       After the trial court made those rulings on the cross-motions for summary judgment, defendant filed an amended answer, which omitted the affirmative defense of comparative fault (previously pleaded in the original answer).

¶ 12       Thus, both the summary determinations and the amendment of the answer removed issues from the upcoming jury trial. Because of the summary determinations, the jury would not be asked to decide whether defendant was liable to plaintiffs; it would be a trial on damages alone. Because of the amendment of the answer, the jury would not be asked to decide whether Patricia J. Marxmiller was comparatively at fault to the extent of 50% or less. See *Blackburn v. Johnson*, 187 Ill. App. 3d 557, 564-65 (1989) (comparative negligence is an affirmative defense, which is forfeited if not pleaded).

¶ 13       Given the summary determinations, plaintiffs tendered to the trial court plaintiffs' instruction No. 2A, which was based on IPI Civil (2011) No. 1.02. (Incidentally, we grant defendant's unopposed motion to supplement the record, by stipulation, with plaintiffs' instruction No. 2A and defendant's instruction No. 1. See Ill. S. Ct. R. 329 (eff. July 1, 2017).) Plaintiffs' instruction No. 2A read as follows: "The court has found the defendant, CUMTD, liable, so that is not an issue you will need to decide."

¶ 14       Defendant objected to plaintiffs' instruction No. 2A because defendant regarded it as misleading. In defendant's view, that instruction suppressed the fact that defendant, in its amended answer, had effectively conceded the issue of comparative fault. Defendant tendered, as an alternative, defendant's instruction No. 1, which was based on IPI Civil (2011) No. 1.03B and which, defendant believed, would give due credit for its concession on the issue of comparative fault. Defendant's instruction No. 1 read as follows: "The defendant, Champaign-Urbana Mass Transit District, has admitted it was negligent. The defendant, Champaign-Urbana Mass Transit District, has also admitted that its negligence was a

proximate cause of damages to the plaintiff. There are other issues you will need to decide in this case."

¶ 15 The trial court refused defendant's instruction No. 1 and accepted plaintiffs' instruction No. 2A. Accordingly, on August 10, 2016, at the beginning of the trial, after giving the standard cautionary instructions, the court additionally instructed the jury: "[T]he court has found the Defendant[,] CU-MTD[,] liable[,] so that is not an issue you will need to decide."

¶ 16 On August 16, 2016, after the close of evidence in the jury trial, the trial court held a jury instruction conference, in which the controversy of IPI Civil (2011) No. 1.02 versus IPI Civil (2011) No. 1.03B arose again. Plaintiffs tendered their instruction No. 5, which was a modification of IPI Civil (2011) No. 1.02. It read as follows: "The Court has found the defendant, Champaign-Urbana Mass Transit District, is liable, so that is not an issue you will need to decide. You need only decide what amount of money will reasonably and fairly compensate the plaintiffs for injuries and damages caused by the collision of February 25, 2015."

¶ 17 Defendant renewed its earlier objection that "it [was] inappropriate to say that [the court] ha[d] made the finding of liability against [defendant]." The court responded: "I've already said [IPI Civil (2011) No.] 1.02 is appropriate as opposed to [IPI Civil (2011) No.] 1.03[B]. The argument is much like a jury finding a criminal defendant guilty and then the defendant popping up and saying[,] [']I'd like to switch my plea from not guilty to guilty.['] "

¶ 18 Additionally, defendant objected to plaintiffs' instruction No. 8, an instruction on damages, which was based on IPI Civil (2011) Nos. 30.01, 30.04, 30.04.01, 30.05, 30.05.01, 30.06, and 30.07. Plaintiffs' instruction No. 8 stated in part:

"You must fix the amount of money which will reasonably and fairly compensate the Plaintiff, Patricia J. Marxmiller[,] for any of the following elements of damages proved by the evidence to have resulted from the collision of February 25, 2015, taking into consideration the nature, extent[,] and duration of the injury.

* * *

The emotional distress experienced and reasonably certain to be experienced in the future.

The pain and suffering experienced and reasonably certain to be experienced in the future."

Defendant objected to plaintiffs' instruction No. 8 because, as a matter of plain English, "emotional distress" was included in "suffering." Therefore, defendant argued, this instruction invited a duplicative recovery.

¶ 19 Defendant saw the same danger of a duplicative recovery in the associated verdict form, plaintiffs' instruction No. 17, which was based on IPI Civil (2011) No. B45.02.A. This form, Verdict Form A, read "We, the jury, assess the damages for the Plaintiff, Patricia J. Marxmiller, against the Defendant Champaign Urbana Mass Transit District, in the sum of: $_____, itemized as follows," and then separate elements of damages were listed. Among the listed elements were "The emotional distress experienced and reasonably certain to be experienced in the future," followed by a dollar sign and a blank line, and "The pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries," followed by a dollar sign and a blank line. Defendant argued that the item of

"emotional distress" was duplicative because it was a component of the following item, "suffering."

The trial court asked plaintiffs' attorney if it was "permissible to have discrete awards of damages for pain and suffering and emotional distress." He responded with a question:

"MR. HAGLE: And do I have the understanding if you didn't use the words 'emotional distress,' that the word 'suffering' would include the emotional injuries which are clearer in this case?

THE COURT: I would have to think so.

MR. HAGLE: Yeah. That's the way I would take it.

THE COURT: It's compens—it's compensable how—you know, emotional effects on the plaintiff are compensable.

MR. HAGLE: Thank you.

THE COURT: I'm just not sure right now whether they have to be folded into pain and suffering or whether they can be separate ones. I don't know.

MR. HAGLE: We're going to research it as well."

The next day, August 17, 2016, plaintiffs pointed out to the trial court the case of *Babikian v. Mruz*, 2011 IL App (1st) 102579, which contained the following relevant discussion:

"The defendant further claims that the modified jury instruction and the verdict form, which included a separate line for emotional-distress damages, induced the jury to grant the plaintiff a double recovery for her mental pain and suffering. This claim, however, is not supported by the record. It is presumed that the jury understood and followed the court's instructions. [Citations.] Here, there is no indication in the record that the jury was confused in its determination of the appropriate amount of damages for the plaintiff's mental pain and suffering. Also, the defendant did not submit any special interrogatories, the answers to which would have demonstrated whether a double recovery had been awarded. In the absence of some supporting evidence in the record, the defendant's claim that the modified instruction and the verdict form induced the jury to award the plaintiff a double recovery for her mental distress is mere conjecture. Consequently, we find no abuse of discretion in the trial court's instructions to the jury." *Id.* ¶ 20.

Defendant's attorney responded: "We recognize that this Court is bound by *Babikian* until the Fourth District addresses the issue. We persist in our objection for the record."

The trial court ruled:

"You have convinced me that it is appropriate to ask for these items, elements, of damages separately[,] and of course[,] as always[,] as we all understand[,] this is predicated upon[:] [I]is there evidence to support the same[?] In this case, clearly there is evidence to support pain and suffering[,] and clearly there is evidence to support emotional distress. Accordingly[,] I am overruling the Defendant's objection and allowing this instruction and those that relate to it."

The jury was called into the courtroom, the attorneys made their closing arguments, and the trial court instructed the jury. The instructions included plaintiffs' instruction Nos. 5, 8, and 17.

On August 17, 2016, the jury awarded Patricia J. Marxmiller a total of $9,422,232 in compensatory damages, which included (as itemized in Verdict Form A) $1.5 million for

"[t]he emotional distress experienced and reasonably certain to be experienced in the future" and $1 million for "[t]he pain and suffering experienced and reasonably certain to be experienced in the future as a result of the injuries." The jury awarded Ken Marxmiller $450,000. The trial court entered a judgment on the verdicts.

¶ 26 On September 16, 2016, defendant filed a posttrial motion. The motion contended the trial court had erred by (1) "instructing the jury on Plaintiffs' jury instruction No. 5 (IPI 1.02 as modified by Plaintiffs), instead of instructing the jury on Defendant's tendered jury instruction pursuant to IPI 1.03B" and (2) "tendering Plaintiffs' jury instruction Nos. 8 [and] 17 containing separate elements of damages for emotional distress from that of pain and suffering."

¶ 27 On October 5, 2016, the trial court denied defendant's posttrial motion and made a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason for delaying enforcement or appeal. (A motion for sanctions was pending. See *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 307 Ill. App. 3d 528, 539 (1999) ("[A]n appeal may be taken from a final judgment, notwithstanding the fact that a motion for sanctions remains pending and unresolved, if the trial court has made a written finding consistent with the requirements of Supreme Court Rule 304(a).").)

¶ 28 Defendant filed its notice of appeal on October 12, 2016.

¶ 29 II. ANALYSIS

¶ 30 A. The Instruction Informing the Jury That
the Trial Court Had Found Defendant To Be Liable

¶ 31 Defendant argues the trial court abused its discretion by giving the jury plaintiffs' instruction No. 5, which was based on IPI Civil (2011) No. 1.02. See *Jacobs v. Yellow Cab Affiliation, Inc.*, 2017 IL App (1st) 151107, ¶ 119 ("Jury instructions are reviewed under the abuse of discretion standard ***."). Again, that instruction read as follows: "The Court has found the defendant, Champaign-Urbana Mass Transit District, is liable, so that is not an issue you will need to decide. You need only decide what amount of money will reasonably and fairly compensate the plaintiffs for injuries and damages caused by the collision of February 25, 2015." According to defendant, plaintiffs' instruction No. 5 violated the rule that "jury instructions must state the law fairly and distinctly and must not mislead the jury or prejudice a party." (Internal quotation marks omitted.) *Doe v. University of Chicago Medical Center*, 2014 IL App (1st) 121593, ¶ 77. Defendant maintains that by "inform[ing] the jury that the court had ruled totally in favor of the plaintiffs," the court misled the jury by giving "no recognition of defendant's concession."

¶ 32 But the trial court never instructed the jury that the court had "ruled totally in favor of the plaintiffs." Rather, the court instructed the jury that the court had found defendant to be "liable." To be "liable" means to be "[r]esponsible or answerable in law." Black's Law Dictionary 927 (7th ed. 1999). By making summary determinations that (1) defendant's negligence was a proximate cause of Patricia J. Marxmiller's injuries and (2) she was no more than 50% at fault, the court had found defendant to be responsible or answerable in law for her injuries. See 735 ILCS 5/2-1005(d) (West 2016) ("Upon the trial of the case, the facts so specified [by the summary determination] shall be deemed established, and the trial shall be conducted accordingly."); *Gillespie Community Unit School District No. 7 v. Union Pacific*

- 6 -

*R.R. Co.*, 2015 IL App (4th) 140877, ¶ 197 (under the rule of modified comparative fault, the plaintiff is barred from recovery if his or her own fault was more than 50% of the cause of the injury, whereas if the plaintiff's fault was 50% or less, the plaintiff's recovery is reduced by that percentage); *Johnson v. Burlington Northern, Inc.*, 107 Ill. App. 3d 130, 136-37 (1982) ("For a defendant to be liable for negligence, he must have a duty towards plaintiff, he must breach that duty, and the breach must have been the proximate cause of the injury thereby damaging plaintiff.").

¶ 33    Plaintiffs' instruction No. 5 did not state that the trial court had found defendant to be "totally" or "solely" liable or responsible for Patricia J. Marxmiller's injuries. See *Alvis v. Ribar*, 85 Ill. 2d 1, 18 (1981) ("[W]e believe that the need to deter negligent parties supports the adoption of the comparative negligence doctrine in which each party would be liable for damages in direct proportion to his degree of carelessness."). Rather, the instruction stated merely that the court had found defendant to be "liable." In that respect, the instruction was correct. Jury instructions should be accurate (*Palmer v. Palmer*, 169 Ill. App. 3d 828, 831 (1988)), and plaintiffs' instruction No. 5 was an accurate instruction.

¶ 34    The instruction that defendant tendered as an alternative was inaccurate. Defendant tendered defendant's instruction No. 1 was based on IPI Civil (2011) No. 1.03B, and it read: "The defendant, Champaign-Urbana Mass Transit District, has admitted it was negligent. The defendant, Champaign-Urbana Mass Transit District, has also admitted that its negligence was a proximate cause of damages to the plaintiff. There are other issues you will need to decide in this case." The first two sentences of that instruction were misleading. Defendant's negligence and the existence of resulting damages were established not by defendant's admission but by the trial court's summary determinations. To quote from defendant's brief, the court "granted plaintiffs' motion for a summary finding that defendant's negligence was a proximate cause of [Patricia J. Marxmiller's] injuries and that [she] could be no more than [50%] at fault." By omitting from its amended answer the affirmative defense of comparative fault, defendant—if it thereby admitted anything—admitted only that Patricia J. Marxmiller was free of any comparative fault.

¶ 35    Granted, the trial court never instructed the jury that defendant had conceded the issue of whether Patricia J. Marxmiller was comparatively at fault to the extent of 50% or less. Defendant, however, never tendered an instruction to that effect, and "[n]o party may raise on appeal the failure to give an instruction unless the party shall have tendered it." Ill. S. Ct. R. 366(b)(2)(i) (eff. Feb. 1, 1994).

¶ 36    Besides, it is unclear how defendant was prejudiced by the lack of such an instruction, or why such an instruction was needed. Maybe defendant believed that, in the trial, defendant would have looked better to the jury—that is, would have looked more reasonable and more candid—if defendant's concession as to comparative fault had been made known. The jury, however, was supposed to assess the amount of damages solely on the basis of the evidence presented in the trial, not on the basis of sympathy aroused by a concession. As the trial court instructed the jury, without objection: "[I]t is your duty to resolve this case by determining the facts based on the evidence and following the law given in my instructions. Your verdict must not be based upon speculation, prejudice, or sympathy." See IPI Civil (2011) No. 1.01.

¶ 37    In sum, we are unconvinced of the superior accuracy of defendant's instruction No. 1. Plaintiffs' instruction No. 5 was perfectly accurate: by finding negligence on defendant's part and proximately caused damages and by eliminating any claim that Patricia J. Marxmiller was

more than 50% at fault, the trial court had effectively found that defendant was liable to plaintiffs. See *Gillespie*, 2015 IL App (4th) 140877, ¶ 197; *Johnson*, 107 Ill. App. 3d at 136-37. Therefore, we find no abuse of discretion in the giving of plaintiffs' instruction No. 5 (IPI Civil (2011) No. 1.02) and in the rejection of defendant's instruction No. 1 (IPI Civil (2011) No. 1.03B). See *Jacobs*, 2017 IL App (1st) 151107, ¶ 119; *Doe*, 2014 IL App (1st) 121593, ¶ 77; *Palmer*, 169 Ill. App. 3d at 831.

¶ 38                    B. The Jury Instruction Allowing Both an Award
                       for Emotional Distress and an Award for Suffering

¶ 39                      1. *The Asserted Forfeiture of This Issue*

¶ 40    Over defendant's objection, the trial court instructed the jury that, on one line of Verdict Form A, the jury could award damages to Patricia J. Marxmiller for her "emotional distress experienced and reasonably certain to be experienced in the future" and that, on another line, the jury could award her damages for her "pain and suffering experienced and reasonably certain to be experienced." IPI Civil (2011) Nos. 30.05, 30.05.01. The jury awarded her $1.5 million on the line for emotional distress and $1 million on the line for pain and suffering. On appeal, defendant argues that because emotional distress was encompassed within suffering, the instructions permitted a duplicative recovery. Defendant cites a case in which the Fifth District warned: "[I]t is axiomatic that for one injury there may be but one satisfaction. The instructions given by a court must be so framed as not to mislead the jury into duplicating the elements of damages in a recovery or into awarding damages twice for the same injury." *Galyean v. Duncan*, 125 Ill. App. 3d 464, 468 (1984).

¶ 41    Plaintiffs' initial response (before arguing *Babikian*) is that by failing to tender an alternative verdict form and an alternative damages instruction, defendant forfeited this issue. Plaintiffs quote Illinois Supreme Court Rule 366(b)(2)(i) (eff. Feb. 1, 1994): "No party may raise on appeal the failure to give an instruction unless the party shall have tendered it." Also, they quote from *Auton v. Logan Landfill, Inc.*, 105 Ill. 2d 537, 549 (1984): "A party is not permitted to appeal his overruled objection to an erroneous jury instruction when he fails to tender an alternate one which he contends on appeal, but failed to argue in the trial court, presents the proper statement of the law."

¶ 42    *Auton* is distinguishable because defendant raises on appeal the inclusion of objectionable language in plaintiffs' jury instructions, not the omission of an alternative instruction. The plaintiff in *Auton* argued the trial court had erred by omitting to, *sua sponte*, give an alternative instruction setting forth a theory of the case that was fundamentally different from the theory she had pursued in the trial. The supreme court held:

> "By failing to tender an instruction permitting assumption of risk as a damage-reducing factor [in her action for strict products liability], the plaintiff waived [(that is, forfeited)] her right to maintain on appeal, as she now does, that this was the proper instruction rather than the instruction which stated that assumption of risk was a defense to the action. Her failure to tender such an instruction left the trial judge in a position where he did not have before him an instruction covering the manner in which, according to the plaintiff's current argument, comparative fault should correctly have been applied." *Id.* at 550.

In other words, the plaintiff had insisted in the trial court that comparative negligence was inapplicable to an action for strict products liability. *Id.* at 544-45. Consequently, she never tendered a jury instruction on comparative negligence. *Id.* at 549. Given the asserted inapplicability of comparative negligence, the court instructed the jury, instead, on the now obsolete rule that assumption of risk was a complete bar to an action for strict products liability (instead of merely a damage-reducing factor under a regime of comparative negligence). *Id.* at 547-48. After the jury returned a verdict in the defendant's favor, the plaintiff appealed, arguing the court should have instructed the jury on comparative negligence. *Id.* at 542. Naturally, the supreme court responded: "We cannot regard as error the omission of the court to give instructions which were not asked." (Internal quotation marks omitted.) *Id.* at 549.

¶ 43 The present case is different in that defendant does not raise the failure to give a damages instruction, as the plaintiff in *Auton* raised the failure to give an instruction on comparative negligence. It is not that defendant, in retrospect, has devised a new and different theory of the case and now faults the trial court for omitting to, *sua sponte*, instruct the jury on the new and different theory. Instead of "rais[ing] *** the failure to give an instruction," defendant raises the failure to delete certain objectionable language from plaintiffs' proposed instructions on damages. Ill. S. Ct. R. 366(b)(2)(i) (eff. Feb. 1, 1994).

¶ 44 To impose a forfeiture on defendant for omitting to tender an alternative instruction would make no sense. It may be that if defendant had its druthers, no damages instruction at all would have been given. If, in the trial court, defendant simply had taken the position that a proposed instruction by plaintiff should be refused in its entirety—period—defendant obviously would not have had to tender an alternative instruction. An alternative instruction would have been necessary only if defendant believed that plaintiffs' instruction should be replaced by another instruction. By corollary, if defendant took the position that certain language should be stricken from plaintiffs' proposed instructions, alternative instructions would be necessary only if defendant believed that other language should be substituted. We understand defendant as contending simply that the phrase "[t]he emotional distress experienced and reasonably certain to be experienced in the future" should have been stricken from plaintiffs' instruction Nos. 8 and 17, not that this language should have been replaced by other, newly suggested language. Therefore, we find Rule 366(b)(2)(i) and *Auton* to be inapplicable, and we reject plaintiffs' contention of forfeiture. See *Lancaster v. Jeffrey Galion, Inc.*, 77 Ill. App. 3d 819, 822 n.1 (1979) ("In the instant appeal, the plaintiff is not raising the failure to give an instruction (interrogatory)[,] but rather he is raising the overruling of his objection to an interrogatory that was given. The plaintiff was under no obligation to tender an alternative interrogatory or clarifying instruction." (Emphases omitted.)).

¶ 45                                      2. *Duplicative Elements of Damages*
¶ 46                              a. Even Though Their Use Is Prescribed, the
                            Illinois Pattern Jury Instructions Are Not Sacrosanct

¶ 47 Plaintiffs note that by including a separate line for emotional distress in both the damages instruction and Verdict Form A, they merely followed the Illinois Pattern Jury Instructions. See IPI Civil (2011) Nos. 30.01, 30.05, 30.05.01, B45.02.A.

¶ 48 Likewise, in *Powers v. Illinois Central Gulf R.R. Co.*, 91 Ill. 2d 375, 377 (1982), the plaintiff followed the Illinois Pattern Jury Instructions by including a separate line for " 'The nature, extent[,] and duration of the injury.' " Even so, the instructions were not immune from

critique. The supreme court held "it was error to give the IPI instruction relating to the nature, extent[,] and duration of the plaintiff's injury as a separately compensable element of damage when the jury also was given the instruction on the other IPI elements of damage," such as disability and pain and suffering. *Id.* at 384. As the appellate court had explained, " 'the jury [had to] consider the nature, extent, and duration of the injury' " not as a separate element of damages but, rather, " 'as a means of determining the appropriate amount to award for elements such as disability and pain and suffering.' " *Id.* at 380 (quoting *Powers v. Illinois Central Gulf R.R. Co.*, 92 Ill. App. 3d 1033, 1036-37 (1981)).

¶ 49        Thus, as *Powers* demonstrates, the Illinois Pattern Jury Instructions are "not exempt from challenge." *Id.* at 385. They should be used if they "accurately state the law" applicable to the case at hand—but not otherwise. Ill. S. Ct. R. 239(a) (eff. Apr. 8, 2013).

¶ 50                          b. The Overlap Between the Commonly Understood
                              Meanings of "Suffering" and "Emotional Distress"

¶ 51        The advantage of Verdict Form A (IPI Civil (2011) No. B45.02.A) is that it has built-in special interrogatories, so to speak: we know exactly how the jury arrived at the total of compensatory damages because the verdict form required the jury to specify a dollar amount for each element of damages. There is a danger, however, in itemizing elements of damages in this manner: one must watch out for redundant or overlapping elements. (By the way, we realize the trial court had no choice but to follow *Babikian*.) "There is a danger *** that in the instructions given[,] an element of damage may be duplicated or elements may overlap[,] with the result that the jury may give duplicative awards." *Powers*, 91 Ill. 2d at 379. For example, in *Smith v. City of Evanston*, 260 Ill. App. 3d 925, 938 (1994), the First District held that "disability" and "loss of normal life" could not be itemized as separate elements of damages because "loss of a normal life" was included within the meaning of "disability." "Illinois courts [had] found that disability damages include[d] damages for loss of a normal life." *Id.* at 937.

¶ 52        Similarly, "suffering" includes "emotional distress." In fact, "suffering" is another word for "distress." A dictionary defines "distress" as "pain or suffering affecting the body, a bodily part, or the mind" and lists "suffering" as a synonym. Merriam-Webster's Collegiate Dictionary 338 (10th ed. 2000). The same dictionary defines "suffer" as "to endure death, pain, or distress." *Id.* at 1177. Suffering means distress, whether physical or emotional. Suffering can be physical, in the form of pain, fatigue, or other bodily distress. Suffering also can be mental, in the form of fear, shock, anxiety, frustration, grief, depression, or boredom. See *Holston v. Sisters of the Third Order of St. Francis*, 247 Ill. App. 3d 985, 1002 (1993). Emotional distress or mental anguish is a component of suffering, not an element of damages unto itself. See *id.* (holding that "*mental suffering* caused by physical injury even without pain is compensable" (emphasis added)).

¶ 53        This is not to deny that emotional distress should be taken into consideration when assessing damages in a personal-injury action. See *id.* at 1001-02. If, as a result of a bodily injury, the plaintiff has suffered anguish of mind, the plaintiff deserves compensation for that aspect of his or her suffering, and the jury should be so instructed. *Id.* It is one thing, however, to *consider* emotional distress when assessing damages for suffering, and it is another thing to make emotional distress an element of damages separate and distinct from suffering. *Cf. Powers*, 91 Ill. 2d at 383 ("But instructing a jury to consider the nature, extent[,] and duration [of the plaintiff's injuries] is not the same as instructing it to separately award for the nature,

extent[,] and duration of the injury."). The pertinent element of damages is suffering. Emotional distress is a form of suffering, not a separate element. See *Holston*, 247 Ill. App. 3d at 1002 ("Among the possible forms of mental suffering are fright, shock, and anguish ***.").

¶ 54                    c. Despite Our Disagreement With *Babikian*, We Find
                  No Evidence, in the Present Case, of Duplicative Damages

¶ 55        In *Babikian*, the First District concluded: "In the absence of some supporting evidence in the record, the defendant's claim that the modified instruction and the verdict form induced the jury to award the plaintiff a double recovery for her mental distress is mere conjecture." *Babikian*, 2011 IL App (1st) 102579, ¶ 20. Evidently, though, the record in *Babikian* did indeed contain evidence of a double recovery. The evidence was the modified jury instruction and the completed verdict form to which the First District referred. The trial court had "instructed the jurors that, if they found in favor of the plaintiff, they could award damages for pain and suffering and also for emotional distress, as long as those elements of damages were supported by the evidence." *Id.* ¶ 10. As the First District noted, the jury was presumed to have understood and followed the instructions. *Id.* ¶ 20. The court never instructed the jury to limit the award for "pain and suffering" to physical pain and suffering. *Id.* ¶ 18. Presumably, the jury followed the court's instructions quite literally, to the letter. *Id.* ¶ 20. "The jury returned a verdict for the plaintiff in the amount of $500,500, which included specific awards of $200,000 for pain and suffering and $130,000 for emotional distress." *Id.* ¶ 10. One needed to look no further for evidence of a double recovery.

¶ 56        But the present case is different in that the award for "emotional distress" exceeds the award for "pain and suffering." In Verdict Form A, the jury awarded Patricia J. Marxmiller $1.5 million for emotional distress but only $1 million for pain and suffering. It appears, then, that the jury excluded emotional distress from suffering. Itemizing emotional distress and suffering as separate items of damages could mislead a jury into awarding duplicative damages, but evidently the jury was not misled into doing so in the present case. Therefore, we find no cause for reversal. See *McHale*, 2015 IL App (1st) 132625, ¶ 116 ("[A] judgment will not be reversed where the jury instructions are faulty unless they mislead the jury and the complaining party suffered prejudice." (Internal quotation marks omitted.)).

¶ 57                              C. Plaintiffs' Motion for Sanctions

¶ 58        Plaintiffs have moved that we impose sanctions upon defendants for filing a frivolous appeal. See Ill. S. Ct. R. 375 (eff. Feb. 1, 1994). We disagree with plaintiffs' characterization of this appeal.

¶ 59        An appeal is frivolous if it would not have been brought in good faith by a reasonable, prudent attorney. *Penn v. Gerig*, 334 Ill. App. 3d 345, 357 (2002). A reasonable, prudent attorney could argue, in good faith, that itemizing emotional distress as an element of damages separate from suffering invites a double recovery. That argument is not only reasonable but, as we have held, correct.

¶ 60        Granted, *Babikian* holds otherwise, and until now, no reported decision has disagreed with *Babikian*. Litigants are permitted to argue to us, however, that a decision by the appellate court is erroneous, and in so doing, they may rely on the commonly accepted meanings of words—as juries do when reading and interpreting instructions. See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)

("a good-faith argument for the extension, modification, or reversal of existing law"). Suffering is commonly understood to include emotional distress. Emotional suffering is a form of suffering. To that extent, defendant is correct. Defendant merely overlooks that if the award for emotional distress exceeds the award for pain and suffering, it is unlikely that the award for suffering duplicated the award for emotional distress, considering that emotional distress is a component of suffering. Overlooking that subtle point hardly equates to bad faith. Therefore, we deny the motion for sanctions.

¶ 61                                                 III. CONCLUSION
¶ 62            For the foregoing reasons, we affirm the trial court's judgment.

¶ 63            Affirmed.